**DISTRICT OF COLUMBIA, a municipal corporation, Appellant,**

**v.**

**Venstone STONE, Appellee.**

**No. 1603.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 14, 1955.

Decided March 14, 1955.

Rehearing Denied April 5, 1955.

West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant.

Foster Wood, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, the District of Columbia, appeals from an adverse verdict and judgment for damages for personal injuries sustained by appellee Stone. The appellant contends that the trial court erred in denying its motion for a directed verdict at the close of plaintiff's case on the ground that the notice given by appellee was not legally sufficient to meet the requirements of the District statute which provides:

"No action shall be maintained against the District of Columbia for unliquidated damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury or damage: *Provided, however,* That a report in writing by the Metropolitan police department, in regular course of duty, shall be regarded as a sufficient notice under the above provision." [1]

The complaint alleged that the accident occurred "near the corner of 6th and L Streets, Southeast." The evidence at trial disclosed the following facts: Appellee, while on his way to work on the morning of April 15, 1953, stepped on the edge of a manhole cover located at the northeast corner of 6th and L Streets, S. E. The manhole cover, projecting above ground level, caused the appellee to fall injuring himself. On April 30, 1953, appellee's attorney sent a letter to the *corporation counsel* giving notice of the injury and

Andrew G. Conlyn, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E.

---

1. Code 1951, 12-208.

stating that the accident occurred on the *northwest* corner of 6th and L Streets, S. E.

■ It must be conceded that this notice was fatally defective inasmuch as the statute is clear and unambiguous in its mandate that the giving of notice must be "in writing to the commissioners of the District of Columbia".[2]

■ In this case, however, evidence was introduced to the effect that appellee made a verbal report of the accident to the Metropolitan police department, which in turn submitted a written report of the accident in the regular course of duty. Counsel for appellee admits that his client informed the police officer that he fell on the *southeast* corner of the intersection, whereas, in fact, the evidence disclosed that the accident occurred on the northeast corner.

The intersection of 6th and L Streets, S. E., is not a typical four-corner intersection. Rather, it is different in that 6th Street, which runs north and south, upon meeting L Street, which runs east and west, does not continue directly north. In order to continue north on 6th Street it is necessary to proceed in an easterly direction on L Street approximately 200 feet. Thus the northeast and northwest corners of 6th and L Streets, S. E., are approximately 200 feet east of the southeast and southwest corners.

It appears from the record that there is more than one manhole cover at this intersection and that an agent of the District Government, in conducting his investigation, inspected a manhole cover other than the one on the northeast corner. Therefore, the question before this court is whether the information in the police report specifying the "place" of the accident was sufficiently accurate to fulfill the statutory requirements. We hold that it was not.

Looking to the legislative history of this statute, we find the following language in the report of the committee submitting the bill for approval:

"It was thought also that an approximate estimate of the time of the accident should be sufficient and the word 'approximate' was therefore inserted in the bill. Witnesses appearing for the District stated that a general description of the place would be inadequate as the actual conditions at the particular place must be inspected so the word 'place' was left as in the original draft of the bill." [3]

■ It is therefore clear that the intent of Congress was to require a claimant to be precise and accurate in his description of the place of the accident. In effect, to be legally sufficient the notice must contain a description of the place so definite as to enable the interested parties to identify it from the notice itself.[4] This was not the case here as the police report, on the basis of the erroneous information supplied by appellee, placed the scene of the accident on the southeast corner, whereas the accident occurred on the northeast corner, approximately 200 feet east and 60 feet north.

In Hurd v. District of Columbia, D.C. Mun.App., 106 A.2d 702, this court adopted the language used in Cook v. City of Topeka, 75 Kan. 534, 90 P. 244, 245, that " * * * with respect to the details of the statement precise exactness is not absolutely essential. If it reasonably comply with the statute, and the city is not misled to its prejudice by any defects of description of the place where the accident happened, it has no reason to complain."

However, in the recent case of McDonald v. District of Columbia, D.C.Cir., 221 F.2d 860, the United States Court of Appeals for the District of Columbia Circuit on February 10, 1955, held that the statute is "specific in the details of its requirements" and that "courts are not at liberty to construe the statute other than according to its

---

2. Code 1951, 12–208, supra.

3. H.R.Rep. No. 2010, 72d Cong., 2d Sess. (1933).

4. Barribeau v. City of Detroit, 147 Mich. 119, 110 N.W. 512.

terms, or to depart from its clear requirements," that the question of whether the District of Columbia is prejudiced as a result of any defect in the description of the place of the accident is immaterial, and that in order for a claimant to exercise his right of recovery, there must be strict compliance with the terms of the statute. That decision requires that the judgment in this case be reversed with directions to enter judgment in favor of the District of Columbia.

Reversed.