**Venstone STONE, Appellant,**

v.

**DISTRICT OF COLUMBIA,**
Appellee.

No. 12638.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 29, 1955.

Decided June 28, 1956.

Writ of Certiorari Denied
Dec. 3, 1956.
See 77 S.Ct. 221.

Mr. Foster Wood, Washington, D. C., for appellant.

Mr. Milton D. Korman, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Andrew G. Conlyn, Asst. Corp. Counsel, were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER and BASTIAN, Circuit Judges, sitting *en banc*. (Circuit Judge BURGER took office after this case was heard and took no part in its consideration and decision.)

WASHINGTON, Circuit Judge, announced the judgment of the court and filed the following opinion, in which WILBUR K. MILLER and BASTIAN, Circuit Judges, join:

This is a damage suit against the District of Columbia, in which the central question is whether the statutory requirement as to notice of claim has been met.

Plaintiff-appellant tripped and fell, injuring his ankle, while rounding the northeast corner of Sixth and L Streets, S. E. He brought this action in the Municipal Court against the District of Co-

lumbia on the ground that the accident was caused by the District's negligent maintenance of a manhole and cover at that corner, it being alleged that because of this negligent maintenance the manhole edge and cover protruded from the ground and caused plaintiff's fall. The District moved for summary judgment on the ground that the notice requirement established by Section 12–208, D.C.Code 1951,[1] had not been complied with. During the argument of this motion, two bases of compliance were suggested to the trial court, a letter to the Corporation Counsel by appellant's attorney, and a police report. Each occurred within the statutory period, but each named a different (and incorrect) corner of the intersection at which the accident occurred.[2] The police report, an excerpt from which was read to the trial court by counsel for appellee, on its face is based on a statement by Stone, though perhaps Stone's statement was transmitted to the police by some third person. Despite the errors in the two reports, the District located the correct corner, witnesses to the accident, and the offending manhole within six months of the accident.[3]

The Municipal Court denied the District's motion for summary judgment, and, after a jury trial, appellant won a judgment. The Municipal Court of Appeals reversed. 1955, 112 A.2d 497, 499. It did so on the strength of McDonald v. District of Columbia, 1955, 95 U.S.App. D.C. 305, 221 F.2d 860, where this court held that inaccuracies in a written notice seasonably sent to the Commissioners were not cured by subsequent but still

seasonable corrections conveyed to an assistant in the office of the Corporation Counsel (to whom the Commissioners had referred the original notice) and to the District's Inspector of Claims. Dismissal for failure to comply with the statute was upheld by this court on the theory that the correction should have been sent to the Commissioners themselves instead of their subordinates, although the District conceded its defense to the claim had not been prejudiced.

In the present case we permitted an appeal, and, after oral argument before a three-judge panel, set the case for rehearing *en banc* because the court wished to reconsider its ruling in McDonald.

We turn first to the notice by plaintiff's attorney to the Corporation Counsel. Section 1–301 of the D.C.Code (1951) says that the Corporation Counsel "shall * * * have charge and conduct of all law business of the said District, and all suits instituted by and against the government thereof." The notice required by Section 12–208 of the D.C.Code (1951) is clearly related to potential suits against the District, and as can be seen from Judge Bastian's dissent in McDonald v. District of Columbia, supra, 95 U.S.App. D.C. at pages 306–307, 221 F.2d at pages 861–862, notice to the Commissioners is normally transmitted as a matter of course to the Corporation Counsel. In our view, the opinion in McDonald misconceives the purpose of the statutory notice, which is to give the District timely information concerning a claim against it, so it may adequately prepare its defense.[4] To insist that the notice must be

---

1. Section 12–208 provides: "No action shall be maintained against the District of Columbia for unliquidated damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury or damage: *Provided, however,* That a report in writing by the Metropolitan police department, in regular course of duty, shall be regarded as a sufficient notice under the above provision."

2. The letter specified the northwest corner, and the report the southeast corner. Actually, as it later appeared, the accident happened on the northeast corner.

3. Appellant's tender of proof that repairs had been effected within that time was rejected as a result of the District's objection.

4. The fact that a report in writing by the police department constitutes sufficient notice under D.C.Code § 12–208 demonstrates that other purposes which a notice statute might have, such as providing the equivalent of taking plaintiff's dep-

addressed to the Commissioners, and to rule out as insufficient a notice addressed to their Counsel, to whom Congress has delegated the responsibility for defending the District against suit, seems to us most unreasonable. Congress could hardly have intended that failure to observe such an idle formality should cause a claimant to be denied his day in court. We think, therefore, that the McDonald case should be overruled on that point. We conclude that Section 1–301 of the Code makes notice to the Corporation Counsel, if otherwise adequate, equivalent to notice to the Commissioners for the purposes of Section 12–208.

In the instant case, we think the notice was otherwise adequate. Within two months after the accident, the District had interviewed the witnesses to the accident and taken pictures of the site. These events show that there was no prejudice to the District from plaintiff's error. It may, of course, be true that the letter from plaintiff's counsel to the Corporation Counsel bore no causal relationship to these events. But Section 12–208 of the D.C.Code (1951) contains no such requirement. A notice would, for example, suffice if given within the six months period though the District had completed preparation of its case and repaired the spot before receipt of the notice. In a case such as the instant one, in which the right site was discovered and there is no assertion that plaintiff deliberately sought to mislead the District, notice fully complies with the purpose of the statute when it pin-points the locale with sufficient accuracy so that an investigation starting from the notice could reasonably be expected to uncover the available information. Such, on the face of the record, was this case. If—despite determination of the right spot and location of the witnesses—the District wished to claim prejudice, it was up to the District to make a record on that point. Had the report filed by plaintiff's counsel merely referred to 6th and L Streets, S.

E., without reference to a specific corner, we think the notice would have been beyond question. The inclusion of additional specificity—though erroneous—should not defeat the notice in the absence of a showing of prejudice.

We turn to the police report, which appellant says constitutes "sufficient notice" under the proviso appended to Section 12–208. We agree, since we find no support in the statute for applying a stricter standard to that report than we have set out above for a notice from plaintiff. It is true that in the instant case the report by the police was not based on first hand observation but on a report to the police originating with appellant. But the statute contains no requirement of observation or on-the-site investigation. It seems obvious that the reference to a police report is included because Congress did not wish to cut off a plaintiff for lack of notice when the officials of the District had received from the Police Department a report of the episode prepared "in regular course of duty." The extent of the investigation by the police should not be the measure of the plaintiff's rights. The report in this case was adequate for purposes of the proviso.

■ Judges EDGERTON and FAHY agree that we should reverse the judgment of the Municipal Court of Appeals. Accordingly the judgment is reversed.

■ Judges EDGERTON and BAZELON agree that so far as McDonald holds that notice must be sent directly to the Commissioners and that an otherwise adequate notice addressed to the Corporation Counsel is not sufficient, McDonald is erroneous. On that point McDonald is overruled.

So ordered.

BAZELON, Circuit Judge, is of the view that the appeal should be dismissed as having been improvidently granted, for the following reasons: We granted Stone's petition for allowance of an ap-

---

osition, are not emphasized in the District statute. Similarly, the availability of the alternate form of notice shows a

congressional intent to permit flexibility in the administration of the notice requirement.

peal in order to review the effect of our decision in McDonald. After the appeal was heard by a panel of this court, a rehearing in banc was ordered, *sua sponte,* because a majority of this court thought reconsideration of McDonald desirable and that this case presented questions appropriate for that purpose. But I now think, upon further study after the rehearing, that the record before us is unsatisfactory for that purpose.

The complaint alleged that "plaintiff notified the Commissioners of the District of Columbia in writing" within six months after the accident. All that appears in the record concerning such notice is the following stipulation in an amended pre-trial order:

> "The District of Columbia received a letter from Foster Wood, attorney for plaintiff, addressed to the 'Corporation Council' under date of April 30, 1953, setting forth that the plaintiff was injured April 15, at the *northwest* corner of sixth and L Streets southeast." [Emphasis supplied.]

The evidence at the trial disclosed that the accident occurred on the *northeast,* rather than the *northwest* corner of the intersection. There was no evidence that appellant corrected the discrepancy within the six months' period, either orally or in writing.

It is true that at the trial, which was held long after the six months' period expired, a District investigator identified a photograph he had taken at the northeast corner about six weeks after the accident. But the record does not make clear that the District authorities were aware, when the photograph was taken, or at any time within the six months'

period, that the photograph showed the correct corner. Consequently we have no assurance that the District was not prejudiced or hampered in handling and defending against Stone's claim, so that it might be said that the mistake in the original notice was cured.[1] It cannot be concluded from this record, therefore, that the District had, either from Stone or from other sources, the notice prescribed by the statute.

Thus, in my view, we do not reach the question whether the statutory requirement for "written notice to the Commissioners of the District of Columbia" is satisfied by a letter sent to the Corporation Counsel. But since a majority of the court has decided to reverse the judgment of the Municipal Court of Appeals and three judges are announcing an opinion that deals with the question just stated, I think I should express my view regarding it. Cf. Mr. Justice Frankfurter's separate opinion in Armstrong v. Armstrong, 1956, 350 U.S. 568, 572, 76 S.Ct. 629. So far as McDonald holds that notice must be sent directly to the Commissioners, and that an otherwise adequate notice addressed to the Corporation Counsel is not sufficient, I think McDonald is erroneous. I am in agreement, to that extent, with Judge WASHINGTON'S opinion in this case.

As to the police report, it was not referred to in the complaint and there is no evidence concerning it in the record. The existence of such a report and a fragmentary excerpt therefrom were merely referred to by the parties in oral argument before the trial court. The excerpt indicates that the report also included a wrong corner of Sixth and L Streets, as the place of accident.[2] Even if we im-

---

1. " * * * the purpose of the bill is to give the District officials reasonable notice of the accident so that the facts may be ascertained and, if possible, the claim adjusted." H.R.Rep. No. 2010, 72d Cong., 2d Sess. 2 (1933). See also 17 McQuillin, Municipal Corporations § 48.02 (3d ed. 1950).

   The District does not concede here, as it did in McDonald, that it was not prejudiced or hampered. See also Hurd v. District of Columbia, D.C.Mun.App.1954, 106 A.2d 702, 704.

2. Counsel for the District read this excerpt to the trial court in the course of oral argument:

   "Veston [sic] Stone, colored, 31 years, of 630 M Street, S.E., reports at about 6:35 a.m., April 15, 1953, while walking on the sidewalk on the S.E. corner of Sixth and L Street, S.E. * * * "

plied from these references that the parties stipulated to the existence of such a report describing the wrong corner of the intersection, the record would still be inadequate for our purposes.

The proviso directs that a police report "shall be regarded as sufficient notice." It does not expressly incorporate the requirements of the statute's forepart for information concerning the "time, place, cause and circumstances" of the accident. At first blush, it would seem to follow that the mere existence of a police report establishes notice, without regard to its scope, accuracy and source of information, or the circumstances surrounding its preparation. But I think this plainly inconsistent with the statute's purpose of assuring adequate information for the proper and efficient disposition of claims by the District. Congress undoubtedly assumed that such information would be found in a report by trained police personnel. But clearly this assumption cannot be extended to a report which, for an extreme example, merely reflects an inaccurate oral description relayed by the claimant to the police five months after the accident. Hence we cannot determine whether the report is one that falls within the reasonable contemplation of the statute's proviso, without at least knowledge of the full report. No such report is before us in the present case.

Since the record is inadequate for the purpose for which we granted this petition for allowance of an appeal and thereafter ordered a rehearing in banc, the appeal should have been dismissed as having been improvidently granted.

DANAHER, Circuit Judge (dissenting).

Judge BAZELON has demonstrated that the record is barren of proof of the notice contemplated by the statute. He might have added that due to a geographical anomaly caused by playgrounds and off-set intersections, there are no less than six different locations which answered to the description, "corner of sixth and L Streets southeast" as the situs of the alleged defect. I agree otherwise with his observations except that I dissociate myself from the suggestion that the McDonald case was incorrectly decided. I think the McDonald result is commanded by the statute, and there are real reasons why that is so.

First is the need to protect against false or unjustified claims, for unfortunately, there are some claimants who are strangers to the truth where a dollar is involved. So, Congress requires that the notice shall supply information as to the "approximate time, place, cause and circumstances" of the alleged injury. Next, as Congress says, the prescribed timely notice shall be given to the Commissioners even as to valid claims, for the District is entitled to a reasonable opportunity to prepare a proper defense to all claims, valid or invalid. The courts shall not be open to a non-complying claimant unless the required information, *in writing*, shall be supplied in behalf of the claimant or by the police "in regular course of duty." Under the circumstances, the statutory notice is by no means an "idle formality," as I read the Code and understand its purpose.

If Circuit Judge WASHINGTON'S opinion is correct, it makes no difference whether the notice be given to the Highway Department,* or any other department, so long as the "District" or unnamed "officials of the District" learn, somehow, of the claim and the location of the area where a defect is said to exist. Circuit Judge Washington's opinion says that so long as the District can prepare its defense, it is "most unreasonable" to require a sufficient notice. Such reasoning would sustain any claim, whether in writing or not, no matter what the source of the District's information, no matter who in the District gets the information, no matter when the suit is brought. Such is the end result of the logic employed. I

---

* In considering the problem, it should be realized that there are more than 3,000 miles of streets in the District of Columbia.

do not understand it to be our function to fix policy and to say what is "reasonable," be it more or less reasonable.

Congress has clearly and expressly spoken otherwise. The matter of an opportunity to prepare a defense is only *part* of the statutory scheme. Of course Congress knows that the District has a Corporation Counsel who defends lawsuits, but Congress did *not* authorize the filing of the prescribed notices with the Corporation Counsel. The *Commissioners* are the government of the District of Columbia. Congressional appropriations for the maintenance of the District are to be expended under the eye of the Commissioners. When notices are filed or police reports are submitted as the law requires, the Commissioners become charged with knowledge of the information so supplied. Since *Congress* has seen fit to hold the *Commissioners* responsible, notice *to them* has been required that they, in turn, may perform their proper function of supervising, or of inquiring into, the work performance of those lesser officials whose duty it is to keep in reasonably safe condition those areas of the District which the latter should maintain.

The McDonald rule may seem harsh when its effect has been to deny relief where some District officials from some source, have had actual knowledge of the location of the defect complained of and have not been misled by an inadequate or incorrectly directed claim. It seems to me that Congress might be asked to relax the rigors of its present statute by providing that *where the District has actual and timely notice of the circumstances out of which the claim arose and is sufficiently informed to prepare its proper defense,* no more need be demanded.

But, in my view, it does not lie properly within the power of the *court* to impose less burdensome conditions to be met than Congress has deemed should be met. The Congress has not said that the District may be liable for an injury if it has actual knowledge of the time, place and circumstances, regardless of the form of notice or where the claim is filed, or how the District may have acquired such knowledge. Since Congress has not said that much, the court should not say so. Does any one suggest that it is for us to say that the notice of claim may be filed in 24 months instead of the six months limited by the statute, or that claims for injuries due to snow and ice should realistically be filed within 10 days instead of six months?

We need not cite statutes in other jurisdictions where statutory notice requirements have been relaxed when actual notice is shown. I mention one, however, where the legislature, when confronted with the problem, amended its notice statute by adding the following:

> "No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury, or in stating the time, place or cause of its occurrence if it shall appear that there was no intention to mislead or that such [municipal corporation] * * * was not in fact misled thereby." [1]

It is not to be doubted that Congress will in the light of hardship cases consider the problem if brought to its notice. It might also think it wise to amend further to permit a special period, say of one year, within which in instances where it can be shown the District had actual knowledge, any action which accidentally failed to survive the McDonald case, might be revived and reopened, or might be brought if not previously commenced because of the McDonald ruling.

I have respectfully submitted the foregoing since such amendments will more nearly achieve complete justice than is possible under the statute as presently written. Rather than the court, I think *Congress* should pronounce the rule under which a remedy may be sought where the District's liability is limited by a section of our Code.

---

1. See Conn.Gen.Stat. § 2126, Rev.1949.

PRETTYMAN, Circuit Judge (dissenting).

I agree with the opinion of my brother Danaher, but I am constrained to add some additional observations from my own point of view. I think McDonald was correctly decided by this court and. Stone was correctly decided by the Municipal Court of Appeals. Judge DANAHER joins me in this opinion.

Congress enacted a statute which reads:

> "No action shall be maintained against the District of Columbia for unliquidated damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury or damage: * * *."[1]

The statute enacted by the Congress is a clear statute. It makes a simple requirement, involving no expense or technicality. The notice need not be entered upon any specified form. It need not be in any particular language. The statute does not require either the difficulty or the expense of a verification. It does not require the informant to make any investigation; he is required to state only that which he himself knows better than anyone else. No particular form of service is required; the notice must. merely be given. A pencil, a scrap of paper, and an envelope and three-cent stamp are the only materials necessary. The claimant is permitted adequate time within which to give his notice—six months. He need not give the notice himself; his agent or attorney may do so. Examination of the many laws in the states upon this subject impresses upon the examiner that this was a well-drawn piece of legislation.

The requirement that the notice be given to the Commissioners of the District of Columbia is a reasonable one.

The Government of the District of Columbia, like the government of any large municipality, is a complicated affair. It includes many departments, divisions and subdivisions. Its offices are scattered all over the District. Many claims for damages to person or property are made against it. At oral argument its counsel told us that after a heavy snowstorm claims will run over a hundred a day. These claims may relate to any one of a number of departments—not only to streets and highways but to garbage collection, hospitals, police, public buildings, schools, trees and parking, sewers, and other municipal activities. To be sure, the defense of governmental function ultimately defeats many of these claims, and many others are found without color of merit. But the claims are made nevertheless and have to be investigated. Surely Congress has the right to select and designate the officials whom it wishes to hold responsible for this municipal function. Moreover, when these claims are channeled initially into one central reception place, they can be distributed to the proper department or division according to the content of the claim. The Commissioners, the central and top authority, ought to be able to direct where and by whom a claim of damage is to be investigated. Congress made a perfectly proper requirement in that respect.

The requirement that the claimant give notice of the time, place and circumstances of the injury for which he claims damages is also a reasonable one from many points of view. After all, payment of these claims is from the public treasury, taxpayers' money, and city officials should be enabled to defend if defense is proper. Moreover, as Judge Pound of the Court of Appeals of New York said:[2]

> "The city is entitled to know, not alone where the accident in fact happened, but also where the injured person claims that it happened. The two points are not necessarily and

---

1. 47 Stat. 1370 (1933), D.C.Code § 12–208 (1951).

2. Casey v. City of New York, 217 N.Y. 192, 111 N.E. 764 (1916).

invariably identical, and the rule requiring a particular location to be stated in the notice should not be greatly relaxed merely because the conjectures of the city officials as to its meaning prove accurate."

And, again, of course a reasonably accurate notice of time, place and circumstances greatly reduces the burden of a large city in investigating these many claims arising out of alleged defects in sidewalks.

In its present opinion this court * is enacting a new statute. We think the court has no power to do so and, even if it had power, it should not do so. The court makes two fundamental changes in the requirements made by Congress. First, it selects the Corporation Counsel as the official to receive these notices. It does so because he has charge of all law business and suits instituted against the District Government. The court says: "To insist that the notice must be addressed to the Commissioners, and to rule out as insufficient a notice addressed to their Counsel, to whom Congress has delegated the responsibility for defending the District against suit, seems to us most unreasonable." The court disagrees with the Congress, and so the court changes the statute. It is of the view that these claims are law business or suits. Maybe they, or some of them, so develop. But surely there is no basic necessity that they be so considered in the initial stages. Insurance companies do not refer all claims to their legal offices; they have investigators and adjustors who take the first look at claims. Maybe the Commissioners of the District would like to conduct their business in some such fashion. Obviously Congress thought they should be able to do so.

The court refers to the provision of the District Code which gives the Corporation Counsel charge of "all law business" of the District.[3] That provision was last enacted in 1923,[4] ten years before the congressional enactment of the requirement that notice of claims be given the Commissioners.[5] Congress knew what duties the Corporation Counsel had when it prescribed that these notices go to someone else. The court nullifies the function of the Commissioners to determine at what stage the claim need go to the Corporation Counsel.

The second fundamental change made in the statute by the court is in substituting a general doctrine of equity, nonprejudice, and acquired knowledge for plain and specific requirements. It holds the notice in Stone to be adequate, because within two months after the accident the District had interviewed the witnesses to the accident, taken pictures, and discovered the right site—although, the court notes, it may be true the letter from plaintiff's counsel to the Corporation Counsel bore no causal relationship to these events,—and because plaintiff did not deliberately seek to mislead the District and the notice pin-pointed the locale with sufficient accuracy so that an investigation starting from the notice could reasonably be expected to uncover the available information. The court relies heavily upon the fact that the District did not affirmatively claim prejudice. We are not sure that the court requires any written notice. Certainly, instead of treating the notice provision as mandatory, as the other courts of the country do,[6] it treats it as a procedural incident.

To our minds the opinion of the court is a complete rewriting of the plain and simple requirements of the statute. We anticipate that every defective notice or

---

* Judge Washington announces an opinion concurred in by two other judges, and Judge BAZELON, in a separate opinion with Chief Judge EDGERTON concurring, agrees in so far as McDonald is concerned. We shall refer to the action indicated by the opinion of Judge WASHINGTON as the action of the court.

3. D.C.Code § 1–301 (1951).

4. 42 Stat. 1488.

5. Act of Feb. 28, 1933, supra note 1.

6. The only exceptions I have found are a few cases of infancy or prolonged incapacity beyond the period allowed for the notice.

absence of notice will be defended upon the ground that some notice given somehow to some official was sufficiently accurate so that an investigation thereof could reasonably be expected to uncover the available information. Nothing but chaos can result from the court's rewriting of this plain statute.

The problem is neither new nor novel. It appears from the reported cases that some thirty or more states have similar statutes, and courts of last resort have often dealt with the adequacy of the required notices. The cases are myriad. Through them run two clear rules. (1) The specific requirements of the statute must be met. (2) When the statute requires a description of the accident, i. e., time, place, nature, etc., at least substantial compliance is required.

One of the specific requirements in these state statutes is that a notice in writing must be given, and the courts hold that such a notice must be given in writing. All the courts, so far as we can ascertain, hold such a notice, when so required, to be mandatory and a condition precedent to suit. McQuillin [7] cites decisions from thirty states to support the proposition.[8] We have not found a case which holds an oral, informal notification to comply with such a statute.

Another of the specific requirements is that the notice must be given to or served upon the officer or officers named in the statute. Many cases are on the point.[9] McQuillin says:[10]

"The notice must be given to or served upon the officer named by the law, not to or upon another officer. The policy of the law, it has been said, is to impose an unqualified duty upon the officer specified and not to clothe the injured person with discretionary power to select some other municipal officer to whom to give or serve with notice."

In New York the Court of Appeals held that where the statute required notice to counsel for the corporation notice to the Comptroller was not sufficient even though the latter officer sent the notice to the Corporation Counsel.[11] Again in New York the same court held that notice to the village clerk was not good where the statute required notice to the president or treasurer of the village. The court said: "It is not for the court to say that the village officials had actual knowledge of the claims, that the failure to present them to the proper officer was unprejudicial to the defendant, or that technicalities should not be allowed to defeat a meritorious claim." [12] In Massachusetts the Supreme Judicial Court has repeatedly held that, where the statute provided for notice to one of the selectmen, the town clerk, or the treasurer, notice to the city solicitor is not good.[13]

In North Carolina a notice addressed to the Mayor and City Council, as required by statute, was held effective when handed to the City Manager and by him hand-

7. 18 McQuillin, Municipal Corporations § 53.154 (3d ed. 1950).

8. See also, e.g., Bituminous Cas. Corp. v. City of Evansville, Indiana, 191 F.2d 572, (7 Cir., 1951); City of Louisville v. Verst, 308 Ky. 46, 213 S.W.2d 517, 519 (1948); Rich v. City of Eastport, 110 Me. 537, 87 A. 374 (1913).

9. See, e.g., White, Negligence of Municipal Corporations § 694 (1920).

10. 18 McQuillin, op. cit. supra note 7, § 53.160, citing cases from California, Colo-

rado, Florida, Illinois, Massachusetts, Minnesota, New York, North Carolina, Tennessee and Texas.

11. Lewis v. City of New York, 278 N.Y. 515, 15 N.E.2d 672 (1938).

12. Rogers v. Village of Port Chester, 234 N.Y. 182, 137 N.E. 19 (1922).

13. O'Connell v. City of Cambridge, 258 Mass. 203, 154 N.E. 760 (1927); Merrill v. City of Springfield, 284 Mass. 260, 187 N.E. 551 (1933); King v. City of Boston, 300 Mass. 377, 15 N.E.2d 191 (1938); Brown of Town of Winthrop, 275 Mass. 43, 175 N.E. 50 (1931).

ed to the Council,[14] but a notice addressed to the City Manager was held invalid.[15]

In Illinois the statute required notice to the city attorney and the city clerk. A claim was filed with the city council by an alderman on behalf of the claimant and was thereupon endorsed by the city clerk and the corporation counsel. The notice was held invalid.[16] In Texas the court held that, where the statute required filing with the city commission, notice to the city clerk was not sufficient.[17] In Colorado a notice served on the city clerk was held to be an insufficient compliance with the statute which required notice to the mayor.[18] In Tennessee the statute required notice to be served on the mayor. Service on the city attorney was held invalid.[19] In Maine a statute required notice to the mayor or aldermen. Notice to the city clerk was held fatally defective.[20] In Minnesota, where the statute required notice to be presented to the city council, notice served on the secretary or clerk to the mayor was held invalid.[21]

In Wisconsin service on the mayor and city clerk was held "necessarily fatal" where the statute required service on the street commissioner, sidewalk superintendent, or alderman of the ward where the accident happened.[22] In Florida a telephoned notice was given to the town clerk, who referred the caller to the town's insurance carrier. The town charter required notice to the Town Attorney. The Supreme Court of Florida, in 1952, held the notice invalid.[23] In Iowa the statute required a notice to "the defendant". A claimant sued the City of Waterloo. Its notice was addressed to "Charles MacKay, City Clerk". The Supreme Court of Iowa held the notice insufficient.[24]

Mr. Justice Cardozo, while Chief Judge of the Court of Appeals of New York, wrote:[25]

"The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue. The courts are without power to substitute something else."

Sometimes a problem arises where the statute requires notice to a named official, such as the mayor, and service is acknowledged in his name by a lesser official, such as his secretary or clerk. In at least two cases in Missouri such service was held sufficient,[26] and rightly so, we think. And another problem sometimes arises where the statute requires notice to an official body, such as the council or a commission, and service is made on one member of the body and by him presented to the body. At least one Texas case holds such service good,[27] and we would agree with that holding. Sometimes a problem arises when a statute re-

14. Perry v. City of High Point, 218 N.C. 714, 12 S.E.2d 275 (1940).

15. Nevins v. City of Lexington, 212 N.C. 616, 194 S.E. 293 (1937).

16. McCarthy v. City of Chicago, 312 Ill. App. 268, 38 N.E.2d 519 (1941).

17. City of Beaumont v. Baker, 95 S.W.2d 1365 (Tex.Civ.App.1936).

18. Fisher v. City and County of Denver, 123 Colo. 158, 225 P.2d 828, 23 A.L.R.2d 963 (1950).

19. Gilkey v. City of Memphis, 159 Tenn. 220, 17 S.W.2d 4 (1929).

20. Huntington v. City of Calais, 105 Me. 144, 73 A. 829 (1909).

21. Aronson v. City of St. Paul, 193 Minn. 34, 257 N.W. 662 (1934).

22. Harris v. City of Fond Du Lac, 104 Wis. 44, 80 N.W. 66 (Fla.1899).

23. Town of Miami Springs v. Lasseter, 60 So.2d 774 (Fla.1952).

24. Barton v. City of Waterloo, 218 Iowa 495, 255 N.W. 700 (1934).

25. Thomann v. City of Rochester, 256 N. Y. 165, 172, 176 N.E. 129, 131 (1931).

26. Peterson v. Kansas City, 324 Mo. 434, 23 S.W.2d 1045 (1929); Callahan v. Kansas City, 226 Mo.App. 408, 41 S.W.2d 894 (1931).

27. Jones v. City of Fort Worth, 267 S.W. 681 (Tex.Com.App.1924) 270 S.W. 1002 (Tex.Com.App.1925). See also McLendon v. City of Houston, 153 Tex. 318, 267 S. W.2d 805 (1954).

quires notice be given to a certain official and it is actually given to another, who then gives it to the official named in the statute. Some courts, but not all, hold the statute satisfied. We do not have that question here, because it is not suggested that the notices in these cases ever reached the Commissioners.

Problems also arise where the claimant is lulled into security by some act of the municipal authorities, such as where the claimant was wrongly advised by an official or where some defect in a notice is expressly waived by the municipality. The courts are in conflict as to whether defects can be expressly waived.[28] But we do not have that problem here. Even if it were held that the Commissioners could waive a congressional prescription, nothing in these records suggests the Commissioners ever made such waivers.

The philosophy of the courts is that the legislature has power to name the municipal officials upon whom responsibility for protecting the public treasury against claims shall be placed, and to name the requisites for suit against a municipality. We have not found a case which holds valid a notice served upon or given to an official other than one named in the statute and not shown to have been duly transmitted to the official so named. The case at bar would seem to be the first such case.[29]

We come, then, to the established rules as to the description of the time, place and circumstances of an accident when such a description is required in a notice. Some states are quite rigorous in that regard, holding that the statute must be read literally and strictly. But other courts hold that substantial compliance is sufficient in respect to the contents of an otherwise valid notice. The Supreme Court of Tennessee, in 1941, was of the view that a rule of strict construction is supported by the weight of authority in the United States.[30] However that may be, for present purposes we will test the notices before us by the more liberal rule of substantial compliance.

McQuillin [31] states the "substantial compliance doctrine", that is, that these statutes, providing for notice to municipalities, require only substantial compliance. He cites cases from many states. I have read at least one case from every state he mentions. All dealt with either (1) the particularity with which the time, place, nature or cause of the accident is described in the notice or (2) some trivial variation in the service. Examples of the latter are: The original signed notice was shown to and receipted for by the proper officials, but an unsigned copy was left with each. The claim was made that the signed copy was not "served".[32] A complete notice was mailed as a letter; again the claim was that it was not "served".[33] Notice was complete in all respects, including the amount of the damages, but the amount claimed was not specified. The notice was held good.[34] The statute required the notice to give the "address of the claimant". A notice gave the address of the claimant's attorney. It was held good.[35] Thus, so far as the cases cited

---

28. White says flatly: "The mayor or other officers of a city have no power, unless expressly granted, to waive the statutory requirements as to the giving of such notice." White, op. cit. supra note 9, § 673.

29. Powers v. City of Boulder, 54 Colo. 558, 131 P. 395, 46 L.R.A.,N.S., 167 (1913), appears so to hold, but in a later case, Fisher v. City and County of Denver, 123 Colo. 158, 225 P.2d 828, 23 A.L.R.2d 963 (1950), the same court (Supreme Court of Colorado) held that in Powers the notice was actually given to the city clerk, as required by the statute, by the mayor to whom it was first given.

30. Gidcome v. City of Nashville, 177 Tenn. 295, 145 S.W.2d 1029 (1941).

31. 18 McQuillin § 53.163.

32. Lutsch v. City of Chicago, 318 Ill.App. 156, 47 N.E.2d 545 (1943).

33. Inlagen v. Town of Gary, 34 S.D. 198, 147 N.W. 965 (1914).

34. Bowman v. City of Davenport, 243 Iowa 1135, 53 N.W.2d 249 (1952).

35. Stewart v. City of Rio Vista, 72 Cal. App.2d 279, 164 P.2d 274 (1945).

by McQuillin are concerned, the substantial compliance doctrine relates only to the description of the time, place and circumstances of the accident or to some trivial technical objection to form. It does not embrace compliance with explicit directions of the statute. The substantial compliance doctrine is not expanded to a ruling that, if municipal officers have adequate knowledge of the affair, specific requirements of the statute may be omitted.

The cases hold that the fact that city officials may acquire full knowledge of the facts about the accident does not dispense with the notice required by statute. In other words a notice sufficient in itself must be given to the proper officials, regardless of what information the city may have received from other sources. Thus the fact that the mayor was one of the first people on the scene of an accident was held ineffective in North Carolina;[36] the fact that the newspapers carried full accounts of an accident was ineffective in Indiana;[37] and the fact that suit was filed, and full information given, within the statutory period for notice was held ineffective in Missouri.[38] The Supreme Judicial Court of Maine observed: "The knowledge of the municipal officers is immaterial. The written statutory notice is an indispensable prerequisite to the right to maintain a suit." [39]

The Court of Appeals of Kentucky held that a letter from the city law department, describing the accident in full, could not supply the defect of a notice served by the claimant which failed to give the character and circumstances of the injury.[40] The same court said in 1952, "Moreover, the City's actual or constructive notice of the defect in the thoroughfare is not a substitute for notice." [41] The court went on: "From a reading of the notice, one cannot tell how the injuries were received. It is not stated whether the accident occurred in the street or on the sidewalk or at the curb. Moreover, the alleged defect in the thoroughfare is not set out." That court held the notice invalid.

In Illinois, within the statutory period, investigators obtained a full statement from a claimant, which was served upon and available to the Secretary and General Attorney of the Transit Authority. The statute required written notice signed by the claimant. The lack of such a notice was held fatal. The court observed that it was common knowledge that the city investigates accidents but that a claimant was not thereby relieved from giving notice.[42]

Among the states listed by McQuillin as adhering to the substantial compliance doctrine are Alabama, Connecticut, Illinois, Indiana, Iowa, Michigan, New York, Rhode Island, Tennessee and Wisconsin. A look at a few cases in those states will demonstrate how the doctrine is applied.

In Alabama a notice said the accident occurred on Forty-Ninth street, between Tenth and Eleventh avenues. In fact it occurred on Forty-Ninth street between Ninth and Tenth avenues. The notice was held fatally defective.[43] In Connecticut the court held [44] that, although a no-

---

36. Pender v. City of Salisbury, 160 N.C. 363, 76 S.E. 228 (1912).

37. Touhey v. City of Decatur, 175 Ind. 98, 93 N.E. 540, 32 L.R.A.,N.S., 350 (1911).

38. Cole v. City of St. Joseph, 50 S.W.2d 623, 82 A.L.R. 742 (Sup.Ct.Mo.1932).

39. Rich v. City of Eastport, 110 Me. 537, 87 A. 374 (1913).

40. Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860 (1943).

41. Berry v. City of Louisville, 249 S.W.2d 818 (Ky.1952).

42. Hayes v. Chicago Transit Authority, 340 Ill.App. 375, 92 N.E.2d 174 (1950). To the same effect are Schwartz v. City of New York, 250 N.Y. 332, 165 N.E. 517 (1929); Benson v. City of Madison, 101 Wis. 312, 77 N.W. 161 (1898); McComb v. City of Chicago, 263 Ill. 510, 105 N.E. 294 (1914); Keller v. Tomaska, 299 Ill. App. 34, 19 N.E.2d 442 (1939); Johnson v. City of Chisholm, 222 Minn. 179, 24 N.W.2d 232 (1946).

43. Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63 (1912).

44. Marino v. Town of East Haven. 120

tice stated the fact of the accident, failure to describe the injury was not an inaccuracy but a fatal defect. Again in Connecticut a notice which said that claimant, while walking along a certain street near a certain intersection, fell into a hole, was fatally defective, because there were many holes in the street in that neighborhood.[45]

In Indiana a notice said the accident happened in front of 426 South Meridian Street. It actually occurred in front of 458 South Meridian. The notice was held defective.[46] In Illinois a notice which was in error by a quarter of a mile as to the place of an accident was held fatally defective, although another person hurt in the same accident timely filed an accurate notice as the basis for his separate claim.[47] In Iowa a notice which stated the time of the accident to have been "on the evening of March 22d"—omitting the year—was held fatally defective, the court citing many cases.[48] In Michigan a notice said claimant stumbled over a break in the sidewalk. In court she showed her foot became wedged, as in a trap, under a raised piece of concrete. The notice was held fatally defective.[49]

In New York a notice gave the date of an accident as August 20, 1912. In fact it occurred on August 28th. The notice was held not to be in substantial compliance.[50] And again in New York a notice which said the accident happened at about Washington street near Vestry street was held fatally defective, although the city officials found the place and were not misled.[51]

In Rhode Island a notice said the cause of injury was slipping on ice, snow and water. In fact the claimant stepped in a hole in the sidewalk. The notice was held defective.[52] In Tennessee a notice in error by ten days was held fatally defective.[53] And in Wisconsin a notice said the crosswalk at a certain intersection had been torn up and loose stones left lying about, and that boards of the sidewalk projected above the level of the street. At trial the claimant relied upon the absence of an apron over the gutter at the designated intersection, which left a step-down. The Supreme Court of the state recited that it had been very liberal in upholding such notices, "But there is a limit beyond which we cannot pass." [54] It held the notice fatally defective.[55]

The sum total of the rule, as I have found it, is well stated by the Appellate Court of Indiana in City of East Chicago v. Gilbert.[56] It has been stated in sim-

Conn. 577, 182 A. 225, 103 A.L.R. 295 (1935).

45. Schaap v. City of Meriden, 139 Conn. 254, 93 A.2d 152 (1952).

46. Atkinson v. City of Indianapolis, 101 Ind.App. 620, 199 N.E. 157 (1936).

47. Keller v. Tomaska, 299 Ill.App. 34, 19 N.E.2d 442 (1939).

48. Luke v. City of Keokuk, 202 Iowa 1123, 211 N.W. 583 (1926).

49. Rottschafer v. City of East Grand Rapids, 342 Mich. 43, 69 N.W.2d 193 (1955).

50. Weisman v. City of New York, 219 N.Y. 178, 114 N.E. 70 (1916).

51. Casey v. City of New York, 217 N.Y. 192, 111 N.E. 764 (1916).

52. Lane v. Cray, 50 R.I. 486, 149 A. 593, 68 A.L.R. 1530 (1930).

53. City of Knoxville v. Felding, 153 Tenn. 586, 285 S.W. 47 (1926).

54. Benson v. City of Madison, 101 Wis. 312, 77 N.W. 161 (1898).

55. A number of cases illustrate the method of testing the sufficiency of a notice as to place under the rule of substantial compliance. The court looks first to the information contained in the notice. It then sets this information against the actual conditions existing at the place of the injury. If it is determined that an official of the city, guided by the notice alone, could go to the place specified and reasonably discover the correct site in light of the actual conditions found there, the notice will be deemed sufficient. See City of East Chicago v. Gilbert, 59 Ind. App. 613, 108 N.E. 29, 109 N.E. 404 (1915); City of Gary v. Wilson, 103 Ind. App. 376, 8 N.E.2d 109 (1937); Nagle v. City of Billings, 80 Mont. 278, 260 P. 717 (1927); Denecke v. Property Collaterals, 279 N.Y. 105, 17 N.E.2d 787 (1938).

56. 59 Ind.App. 613, 621, 108 N.E. 29, 32 (1915), quoted in Volk v. Michigan City,

ilar fashion by the courts of last resort in Kentucky and Virginia.[57] The Indiana court said:

"* * * in so far as concerns the requirement that the notice be given, and within the time specified, and to the proper officers, the statute is strictly construed. [Citing cases.] But on the question of whether or not a notice in fact given is sufficiently definite as to the time, place, nature, etc., of the injury, the rule of liberal construction is generally adopted by the courts."

We come now to the cases before us. In McDonald the notice given the Commissioners pursuant to the statute gave the place of the accident as 14th and V Streets, Northwest. The District of Columbia is divided into four sectors. There are three 14th and V intersections in the city. The one in the northwest sector is some five miles or more from the one in the southeast sector where the accident really happened. The cause of the accident was an alleged defect in a sidewalk. Officials of the city could have searched until they dropped, and they would not have found the defect in the neighborhood of the place given in the notice. In our judgment such a notice would not fall within the permissible bounds of any state court decision upholding even the substantial compliance doctrine. An error of miles in locating a defect in a sidewalk is not substantial compliance with a statute requiring notice of the place of an accident.

The correct location of the accident in McDonald was given verbally to an assistant corporation counsel. It was not in writing, was not given to the Commissioners, and, so far as the record shows, never reached them or any of them. In our view it was totally defective.

In the Stone case—omitting from the discussion the police notation—no notice in writing was given the Commissioners. It was given to the Corporation Counsel. That fact alone made it fatally defective. It was not shown that the notice ever reached the Commissioners or any of them. As a matter of fact appellant Stone stated flatly in his brief in this court: "Appellant does not make any claim that his attorney's letter constituted notice to the Board of Commissioners." Despite that disclaimer this court now holds that letter to have been a validly effective notice to the Commissioners.

In Stone the only thing in the record about the notice is in a pre-trial stipulation.[58] In full text the stipulation as to notice is:

"The District of Columbia received a letter from Foster Wood, attorney for plaintiff, addressed to the 'Corporation Council' under date of April 30, 1953, setting forth that the plaintiff was injured April 15, at the northwest corner of sixth and L Streets, southeast."

The foregoing is all the record contains as to the notice. That is the notice we are considering. The court holds such a notice to be a valid compliance with the statute.

Our statute requires that the notice state "the approximate time, place, cause, and circumstances of such injury or damage". This notice, as we have it before us, did not state any circumstances— whether claimant was walking or driving, whether he was hit by a truck, fell into a hole, slipped on a wet spot, fell over a barrier, or tripped on a sidewalk defect, whether the sidewalk or the parking or the street was torn up, or any other circumstance whatever. The notice does not describe any injury or damage. It does not say whether claimant bumped his

109 Ind.App. 70, 32 N.E.2d 724, 725 (1941). See also City of Gary v. McNulty, 99 Ind.App. 641, 194 N.E. 193 (1935).

57. City of Louisville v. Verst, 308 Ky. 46, 213 S.W.2d 517, 519 (1948); Bowles v.

City of Richmond, 147 Va. 720, 133 S.E. 593 (1926).

58. Technically the stipulated description of the notice is contained in an agreed motion to amend the pretrial order.

head, broke his leg, injured his back, or merely cut his finger. It does not give any cause of the injury—whether a defect in a sidewalk, a defective manhole cover, negligent driving of a city truck, loose stones, improper lighting over repair work, or any other cause whatever. The notice does not give any approximate time—either an hour or whether morning, afternoon, evening or nighttime; it gives only a date. It does not give an approximate place (even assuming the statute requires only the "approximate" place, a disputed point [59]). It gives only a corner at an intersection, and an irregular intersection at that, but not whether on the sidewalk, in the street, on a crosswalk, or in a tree space. The corner of Sixth and L Streets, Southeast, is not a square, four-corner intersection. It is an irregular intersection, at which Sixth Street, going north, comes to a dead end at L Street, then shifts to the east some 200 feet, and there resumes its way north. Even such location as was given in the notice was not correct; the notice said the northwest corner, whereas the proof was the northeast corner.

In our opinion this notice, as we have it on this record, was defective in every important respect in the substance of what the statute required. The court holds such a notice to be valid in this jurisdiction. No other court decision that we have been able to find would support such a holding on such a notice.

In our opinion the statute enacted by the Congress is clear, simple, specific, and based upon sound reasoning and ample authority. It prescribes a mandatory prerequisite to suits against the District of Columbia for injuries or damage. The notices given in the McDonald and Stone cases were patently insufficient. The decision of this court holding them to be valid is erroneous, in our judgment. The court cites no authority in support of its view. We think there is none. There are dozens of cases to the contrary.

59. District of Columbia v. Stone, 112 A.2d 497 (Mun.Ct.App.D.C.1955).