**Mederic G. Ouimette, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 14,559.**

1. NOTICES—*when of accident given to city pursuant to statute insufficient.* The statute requires that the notice in question be in writing and give "the date and about the hour of the accident." A notice which states that the accident occurred upon any other day than the true one is insufficient and will not support a recovery.

2. NOTICES—*how insufficiency of, given of accident to city pursuant to statute may be availed of.* The insufficiency of the notice of an accident given to the city, pursuant to statute, may be availed of by a motion for a peremptory instruction.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Reversed with finding of facts. Opinion filed June 4, 1909.

**Statement by the Court.** The City of Chicago, for the purpose of lighting certain of its streets, maintained an electric light plant. As a part of such plant it maintained in Ashland avenue two wires suspended over the street, which carried a current of 7,000 to 8,000 volts. In some way one of these wires became broken and one end fell to the ground. Plaintiff, having occasion to pass over this wire when it was about the height of his knees from the ground, caught hold of it to throw it out of his way and thereby the current of electricity carried by the wire passed through his body, inflicting on him severe injuries. To recover for such injuries he brought his action against the city, alleging that the city was guilty of negligence in respect to said wire and that in consequence thereof he, while in the exercise of due care, was, by coming in contact with said wire, burned and injured.

It is undisputed that the accident occurred about 8 P. M. on October 10, 1905. In his declaration plaintiff alleged that he gave a notice to the city which stated that the accident occurred about 8 P. M. on the tenth day of *November,* 1905, and set out said notice.

On the trial plaintiff offered in evidence the notice set out in the declaration, and the court admitted said notice over the objection of defendant. At the close of plaintiff's case, and again at the close of all the evidence, the defendant moved the court to instruct the jury to find the defendant not guilty, and requested the court to give the following instruction in writing: "The court instructs the jury to find the defendant not guilty;" but the court denied said motion and refused to give either of said instructions, and the defendant excepted. The jury returned a verdict for the plaintiff for $4,000 damages. The court denied defendant's motion for a new trial, entered judgment on the ver-

dict, and the defendant appealed. Among the errors here assigned is the refusal to give said instructions.

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; JOHN L. FOGLE, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

In the view taken by us of this case it is only necessary to decide two questions—first, whether the notice was a sufficient legal notice under the statute; and second, if not, whether the question of the sufficiency of the notice was properly raised by the defendant on the trial so as to be open to review here.

The accident happened October ·10, 1905, but the statutory notice given to the defendant by the plaintiff states that it occurred November 10th.

Section 2 of the Act of 1905 (Hurd's Stat. 1905, p. 1154) is as follows: "Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident, the place or location where such accident occurred and the name and address of the attending physician (if any)." Section 3 provides that if the notice provided for in section 2 is not given as therein required, any such suit brought against any such city shall be dismissed, and the party suffering such dismissal shall be forever barred from suing on account of such injury.

In Erford v. Peoria, 229 Ill. 546, it was held that the giving of the notice required by the statute was a condition precedent to the right to bring a suit against the municipality for damages on account of a personal injury, the performance of which must be averred and proved by the plaintiff to enable him to maintain his suit. The language of the statute is clear and positive. It requires the notice to be in writing and to give, "the date and about the hour of the accident." There can be but one "date" of the accident, and that is the day on which it occurred. To hold that under this statute the plaintiff may, in his notice, state that the accident occurred on a day other than the true one, would be in effect to repeal the statute rather than to construe it. The statute requires the date to be stated, and this certainly cannot be done by stating that the accident occurred on a day on which it did not occur. Gardner v. New London, 63 Conn. 267.

We think that the notice given by the plaintiff in this case was fatally defective and gave to the plaintiff no right to maintain an action for the injury which he sustained on October 10, 1905. His right to maintain his action for that injury depends on the sufficiency of his notice, and it is immaterial what notice the defendant may have had of the time of the injury from other sources. Gardner v. New London, *supra.*

The contention that the question of the effect of the failure to give a statutory notice is not open for review because the defendant, in place of moving that the suit be dismissed for failure to give such notice, asked for a peremptory instruction to find the defendant not guilty cannot, we think, be sustained in view of the decision in Erford v. Peoria, *supra.* In that case no notice was given; the defendant did not move to dismiss but asked a peremptory instruction to find the defendant not guilty, which was given, and a judgment on the directed verdict was affirmed on the sole ground that the statutory notice was not given. In this case, as has been said, the notice given by the

plaintiff was fatally defective and cannot be held a notice of the "date" of the accident.

We think that the peremptory instruction to find the defendant not guilty should have been given for the reason that the plaintiff failed to give the notice the statute required him to give as a condition precedent to his right to bring this suit, and for the error in refusing to give such instruction the judgment will be reversed. The plaintiff having failed to give to the defendant the notice the statute required him to give of his injury as a condition precedent to his right to bring action therefor, the judgment will be reversed with a finding of facts, and the cause will not be remanded.

*Judgment reversed with finding of facts.*