George Keller, Plaintiff, v. Annie Tomaska et al., Defendants.

Annie Tomaska, Appellee, v. George Keller, Cross Defendant, City of Chicago, Appellant, Guy A. Richardson et al., Cross Defendants.

Gen. No. 40,110.

Opinion filed February 14, 1939.

BARNET HODES, Corporation Counsel, for appellant; ALEXANDER J. RESA and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

IRVING N. STENN & ROBERT E. BURKE, both of Chicago, for appellee; CLARENCE M. DUNAGAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

On June 30, 1936, George Keller filed his complaint in the superior court of Cook county against Annie Tomaska, city of Chicago, a municipal corporation, and the receivers of the corporations doing business as the Chicago Surface Lines, averring that on February 26, 1936, while he was operating an automobile in a westerly direction on Chicago avenue, Chicago, at or about street number 4610 West Chicago avenue, defendant Annie Tomaska carelessly drove her automobile in an easterly direction on Chicago avenue and collided with the automobile plaintiff was driving, and that by virtue of her negligence he suffered personal injuries and property damage. A second count charged that the city negligently permitted the street to be and remain in a dangerous and unsafe condition, and, especially, allowed certain holes or ruts to remain in the portion of the street in front of 4615 West Chicago avenue, and charged the receivers operating the corporations under the style of Chicago Surface Lines with negligently allowing holes and ruts in that portion of the street under the control of such receivers, all of which negligence plaintiff alleged was the proximate cause of the property damage and personal injuries that he suffered. Plaintiff on May 23, 1936, served on the corporation counsel, city attorney and city clerk of the city of Chicago a notice which, *inter alia,* stated that he was about to bring an action against the city on account of personal injuries and property damage sustained by him by reason of a defective street, that the cause of action accrued to him; that the date and approximate hour of the accident was February 26, 1936, at or about 3:20 p. m., and that the place or location where such accident occurred was:

"On the day and date aforesaid, a large hole, rut or depression existed or was present on the south side of Chicago Avenue at about or in front of Street Number 4611 to 4615 West Chicago Avenue. Said hole, rut or

depression began at or about the south street car rail on said street, was approximately three feet to five feet in width and five feet in length, extending towards and within approximately four feet of the south curb line of Chicago Avenue. Chrysler Sedan automobile owned by Annie Tomaska of 5018 West Chicago Avenue, Chicago, Illinois, was being operated by the owner thereof in an easterly direction on Chicago Avenue, and struck said hole, rut, or depression in said Street. As a result thereof, the driver of said Chrysler Sedan lost control thereof and said vehicle was thrown at an angle across Chicago Avenue and into Dodge Sedan being driven by George Keller on said street in a westerly direction at or about a point in front of Street Number 4610 West Chicago Avenue, Chicago, Illinois. The said George Keller suffered severe personal injuries and his Dodge Sedan, 1935 Model was demolished.'' Defendants filed answers, and in addition defendant Annie Tomaska filed a counterclaim against George Keller, city of Chicago and Chicago Surface Lines in which she asserted that on February 26, 1936, she was driving an automobile in an easterly direction on Chicago avenue in the vicinity of 4610 West Chicago avenue, Chicago, and that by reason of the negligence of the city in failing to maintain said public highway in a reasonably safe condition she suffered personal injuries. She also charged negligence against the other defendants and alleged that on July 24, 1936, she served the following notice on the city attorney, city clerk and corporation counsel of the city of Chicago:

''Please Take Notice that Mrs. Annie Tomaska, residing at 5018 W. Chicago Avenue, Chicago, Illinois, is about to bring a suit at law for personal injuries sustained on February 26th, 1936; that she is the person to whom the cause of action has accrued; that the date of said accident is February 26th, 1936; that the time of the said accident was approximately 2:30 P. M.;

that the place where said accident occurred was at or near the intersection of Chicago and Cicero Avenues; that said injured person while operating and driving her motor vehicle in an easterly direction along the said Chicago Avenue, the right front wheel of said motor vehicle was caused to come in contact with a large hole in the street along the south rail of the east bound car tracks, and by reason of said large hole in the street, said injured person was caused to lose control of the motor vehicle which she was driving, resulting in injuries complained of, and that the attending physician is Dr. A. C. Peska, 4010 W. Division Street.

"If further information is desired, it may be had at the office of the undersigned attorney and agent for the said Mrs. Annie Tomaska." Issue was joined. Prior to the trial the receivers of the Chicago Surface Lines were dismissed from the cause. The cause was tried before a jury and a verdict was returned finding defendant city of Chicago, a municipal corporation, guilty and assessing the damages of plaintiff, George Keller, at the sum of $700, and the damages of counterclaimant, Annie Tomaska, at the sum of $500. Judgments were entered on the verdict. From the judgment entered in favor of counterclaimant, Annie Tomaska, the city prosecutes this appeal.

There is only one question presented for our consideration, and that is whether the notice given by the counterclaimant is adequate. The accident occurred at a hole in the street located in front of 4615 West Chicago avenue. The hole was 130 feet west of Kenton avenue. The notice served by counterclaimant recited that the place where the accident occurred was at or near the intersection of Chicago and Cicero avenues. Chicago avenue is an east and west street, and Kenton and Cicero avenues are north and south streets intersecting Chicago avenue. The north and south street intersecting Chicago avenue west of Kenton avenue is

Kilpatrick avenue, and the north and south street intersecting Chicago avenue west of Kilpatrick avenue is Cicero avenue. Cicero avenue intersects Chicago avenue at number 4800 west. Under the Chicago house-numbering system 800 numbers constitute a mile. From where the accident actually occurred to Cicero avenue is a quarter of a mile, less 130 feet. Sec. 7, ch. 70, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 107.148], provides that

"Any person who is about to bring any action or suit at law in any court against any incorporated city, village or town for damages on account of any personal injury shall, within six months from the date of injury, or when the cause of action accrued, either by himself, agent or attorney, file in the office of the city attorney (if there is a city attorney, and also in the office of the city clerk) a statement in writing, signed by such person, his agent or attorney, giving the name of the person to whom such cause of action has accrued, the name and residence of person injured, the date and about the hour of the accident the place or location where such accident occurred and the name and address of the attending physician (if any)." In construing the above statute the Supreme Court in *McComb* v. *City of Chicago,* 263 Ill. 510, 512, said: "If, considering the whole notice together, it gives sufficient information to the city authorities to enable them, by the exercise of reasonable intelligence and diligence, to locate the place of the injury and ascertain the conditions alleged to have existed which caused it, it is sufficient, according to the weight of the authorities, to serve the purpose for which it was required by the statute to be given. . . . [p. 514] We think the case comes within the rule announced in *Carr* v. *Ashland,* 62 N. H. 665. In that case the court said: 'If the statement so designates the place that the officers of the town, being men of common understanding and intelligence, can by the exercise of reasonable diligence, *and*

*without other information from the plaintiff,* find the exact place where it is claimed the damage was received, it is in this respect sufficient, because it fully answers the purpose of the statute.' " (Italics ours.)

Where the notice designated the place of the accident as "at or near the corner of" a certain intersection, it was held sufficient in *McComb v. City of Chicago, supra,* and in *Reule v. City of Chicago,* 268 Ill. App. 266. In *Youngvert v. City of Chicago,* 174 Ill. App. 299, wherein the notice recited, "Said accident occurred in the City of Chicago on, to-wit, the west side of Center avenue, between, to-wit, Sixteenth and Seventeenth streets," and the evidence disclosed that Seventeenth street terminated on the east side of Center avenue, the court held the notice sufficient. An examination of the reported cases that have been called to our attention convinces us that the notice which was served on the city by counterclaimant was fatally defective in that it gave the place of the accident at a point almost a quarter of a mile from where the accident actually occurred. The service of that notice did not constitute a substantial compliance with the statute.

Counterclaimant, however, filed an additional abstract, which brings to our attention the notice served by plaintiff, George Keller. We have pointed out that the notice served by counterclaimant does not comply with the statute. The question remains as to whether that notice, considered in connection with the notice that was served by Keller, constitutes sufficient compliance with the statute. Counterclaimant does not cite any case that supports her contention. We do not find any case in Illinois that is decided on a factual situation similar to that presented here. The principle involved, however, has been passed upon. In *Ouimette v. City of Chicago,* 148 Ill. App. 505, 508, the court said:

"We think that the notice given by the plaintiff in this case was fatally defective and gave to the plaintiff no right to maintain an action for the injury which he

sustained on October 10, 1905. His right to maintain his action for that injury depends on the sufficiency of his notice, *and it is immaterial what notice the defendant may have had of the time of the injury from other sources."* (Italics ours.) In *Reichert v. City of Chicago,* 169 Ill. App. 493, which is cited by counterclaimant, the court said (p. 495):

"Both upon authority and upon principle, we think it clear that the sufficiency of the notice required by the city is a question of law for the court, and that its sufficiency *must be determined from the notice itself.* . . . [p. 496] It is not sufficient that the plaintiff allege and prove the service of some kind of a notice, but it must be of such a notice as the statute requires. . . . [p. 498] 'To be legally sufficient, a notice must contain a sufficiently definite description of the *place* of the accident to enable the interested parties to identify it *from the notice itself.* . . .' " (Italics ours.) From a consideration of the statute and the cases construing it, we are impelled to the view that the notice served by counterclaimant was fatally defective, and that it cannot be aided by the notice served by plaintiff, George Keller. The counterclaimant's notice must stand or fall by its own strength.

We are convinced that the trial court was in error in not sustaining the motion of the city of Chicago for a directed verdict. As it is too late to serve another notice, no good purpose will be served by remanding the cause. Therefore, the judgment of the superior court of Cook county is reversed and judgment for costs is entered here for the city of Chicago, a municipal corporation, and against counterclaimant, Annie Tomaska.

*Judgment reversed, and judgment here for costs for city of Chicago and against Annie Tomaska.*

JOHN J. SULLIVAN and FRIEND, JJ., concur.