**Catherine Murphy, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 42,284.**

Opinion filed March 22, 1943.

BARNET HODES, Corporation Counsel, for appellant; JAMES A. VELDE, L. LOUIS KARTON and JOHN F. O'MALLEY, Assistant Corporation Counsel, of counsel.

ROYAL W. IRWIN, of Chicago, for appellee.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In an action in tort for alleged negligence of defendant City in the construction and maintenance of its streets, whereby plaintiff was injured, and on trial by jury there was a verdict for plaintiff in the sum of $5,500, on which the court entered judgment. For reversal defendant argues a single point; namely, that there is no evidence in the record to show that the plaintiff complied with the statute which requires the filing by claimant with the City of a statement in writing as a condition precedent to instituting suit against it.

The injury was sustained by plaintiff on March 17, 1937. At that time the law requiring notice was as set forth in Ill. Rev. Stat. 1941, ch. 70, pars. 7 and 8 and now in the same statutes, ch. 24, §§ 1—11 and 1—12 [Jones Ill. Stats. Ann. 21.1121, 21.1122].

At the close of plaintiff's evidence the defendant made a motion for an instructed verdict in its favor.

The motion was in writing. It did not mention lack of proof of notice as a reason therefor. The defendant offered no evidence. The court announced the ruling on the motion would be reserved. The verdict was in favor of plaintiff. Defendant also made a motion for judgment in its favor notwithstanding the verdict, and also for a new trial. Each and all of these motions were denied and judgment entered as already stated.

However, it does not appear that lack of notice was specifically pointed out as the basis of any one of these motions. An alleged notice was set up verbatim in the complaint. It is dated at Chicago, June 5, 1937, is addressed to the attorney for and the clerk of the City and the Corporation Counsel, naming each of them. It is signed by the plaintiff and her attorney, and the sufficiency of its subject matter is not questioned. The City attorney, the City clerk and the Corporation Counsel acknowledge thereon the receipt of the notice on the 7th day of June, 1937, which is within the time prescribed by the statute.

Paragraph 5 of defendant's answer states: ''The defendant admits that what purports to be a statutory notice, referred to in paragraph five, was served on the City of Chicago; that as to the alleged facts stated in said notice the defendant denies.''

This notice was not offered in evidence by plaintiff. The defendant did not offer any evidence on this or any other issue. No motion was made by defendant to dismiss the suit on this or any other ground.

Section 40 of the Civil Practice Act (Smith-Hurd's Ann. Stats., ch. 110, p. 252 [Jones Ill. Stats. Ann. 104.040]) provides in substance that the general issue shall not be employed; that every allegation, except allegations of damages not explicitly denied, shall be deemed to be admitted and the denials must not be evasive.

In *McComb v. City of Chicago,* 263 Ill. 510, 513, the Supreme Court said:

"It was not intended that the terms of the notice should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants."

Chapter 110, § 68, par. 192, Smith-Hurd's Ann. Stats., pp. 681, 682 [Jones Ill. Stats. Ann. 104.068], of the Practice Act provides that a party moving for a new trial in arrest of verdict and for judgment notwithstanding shall file the points in writing, "particularly specifying the grounds for such motion."

The purpose of the statute is apparent. It is to protect a municipality against unfounded and unjust claims. We do not deem it necessary to discuss the many cases cited in the briefs, most of which arose long prior to the enactment of the present Civil Practice Act. That act provides (see Smith-Hurd's Ann. Stats., ch. 110, § 4, par. 128, p. 20 [Jones Ill. Stats. Ann. 104.004]) that the act shall be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties, and that the rule that statutes in derogation of the common law must be strictly construed shall not apply either to the act or rules made pursuant thereto.

The defendant has raised the question of the insufficiency of the proof in this regard for the first time in this court. It may not be permitted to do so. *Graham v. City of Chicago,* 346 Ill. 638, 644.

For the reasons indicated the judgment will be affirmed.

*Affirmed.*

O'Connor and McSurely, JJ., concur.