416

(No. 5115–■■■■■■■■

John Robert Telford, Claimant, vs. The Board of Trustees of Southern Illinois University, Respondent.

*Opinion filed November 12, 1963.*

Miller and Pfaff, Attorneys for Claimant.

C. Richard Gruny, Legal Counsel for Respondent.

Perlin, C. J.

Claimant has brought action against The Board of Trustees of Southern Illinois University to recover for damages allegedly suffered as a result of personal injury sustained on June 12, 1961.

Respondent has filed a motion to dismiss on the ground that no notice was filed in the office of the Attorney General and in the office of the Clerk of the Court of Claims within six months from the date of injury, as required by Sec. 22-1 of "An Act to create the Court of Claims, to prescribe its powers and duties, and to repeal an Act herein named." (Ill. Rev. Stats., Chap. 37, Sec. 439.22-1, hereinafter referred to as the Court of Claims Law.) A secondary basis for respondent's motion is its statement that "the petition is substantially insufficient in law."

Claimant alleges that a copy of the notice of its claim was mailed to the Trustees of Southern Illinois University on October 24, 1962. Claimant asserts the novel argument that the notice requirements of Sec. 22-1 of Chap. 37 refer only to actions brought directly against the State of Illinois, and do not refer to actions against

respondent, The Board of Trustees of Southern Illinois University.

Sec. 22-1 provides as follows:

"Within six months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of any injury to his person shall file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims, either by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any." (Added by Act approved July 10, 1957.)

Sec. 22-2 provides:

"If the notice provided for by Sec. 22-1 is not filed as provided in that Section, any such action commenced against the State of Illinois shall be dismissed, and the person to whom any cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury." (Added by Act approved July 10, 1957.)

Whether Secs. 22-1 and 22-2 refer only to claims against the State of Illinois to the exclusion of other claims cognizable under the Court of Claims Law must be determined according to applicable rules of statutory construction. In *Scofield* vs. *Board of Education*, 411 Ill. 11, 103 N.E. 2d 640, the Supreme Court declared at page 642:

"It is a generally accepted principle of statutory construction, and has been so held by this court many times, that, in constructing a statute or determining its constitutionality, all of its sections are to be construed together in the light of the general purpose and plan, the evil intended to be remedied, and the object to be obtained, and, if the language is susceptible of more than one construction, the statute should receive the construction that will effect its purpose rather than defeat it."

Another applicable rule is stated in I.L.P., Statutes, Sec. 123, as follows:

"In construing a statute to ascertain the intention of the General Assembly, the statute should be construed as a whole or in its entirety, and the legislative intent gathered from the entire statute rather than from any one part thereof." *Pliakos* vs. *Illinois Liquor Commission*, 143 N.E. 2d 47, 11 Ill. 2d 456; *People ex rel Nordstrom* vs. *Chicago and Northwestern Ry. Co.*,

418

142 N.E. 2d 26, 11 Ill. 2d 99; *People ex rel Nelson* vs. *Olympic Hotel Bldg. Corp.*, 91 N.E. 2d 597, 405 Ill. 440; *Ill. Bell Telephone Co.* vs. *Ames*, 4 N.E. 2d 494, 364 Ill. 362.

The patent purpose of notice requirements is to afford respondents an opportunity to promptly and intelligently investigate a claim and prepare a defense thereto, and to thereby protect governmental bodies from unfounded and unjust claims. *Donaldson* vs. *Village of Dieterich*, 247 Ill. 522, 93 N.E. 366; *Murphy* vs. *City of Chicago*, 318 Ill. App. 166, 47 N.E. 2d 494.

It is the opinion of this Court that, unless the Court of Claims Act specifically states otherwise, the term "State" or "State of Illinois" refers to not only the State of Illinois, but to the State Authority involved in any action cognizable in the Court of Claims. When the Court of Claims Act is read as a whole, this result is inescapable. This is demonstrated, for example, by Sec. 8B of the Court of Claims Law, which states that the Court shall have jurisdiction to hear and determine the following matters:

"B. All claims against the State founded upon any contract entered into with the State of Illinois."

Nowhere in the statute is the Court of Claims specifically given jurisdiction to hear contract claims against other State Authorities. If claimant's restrictive interpretation of the statute were adopted, a contract claim against any other State Authority would have no forum. We do not believe the Legislature intended this result.

Claims against The Board of Trustees of Southern Illinois University are of the same family as other claims against the State of Illinois in that any appropriation for an award must be made from the same source—the State Treasury.

In view of the foregoing, this Court holds that it was the intent of the Legislature to apply the notice require-

ment to all cases cognizable in the Court of Claims (unless the statute specifically states otherwise) in order to protect the State from unjust claims, and to afford it an opportunity for investigation and preparation of a defense.

Respondent's motion to dismiss for lack of notice is hereby granted.