(No. 4928—

VERA SEATON AND LENAR SEATON, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 7, 1966.*

ARTHUR S. GOMBERG, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; SHELDON K. RACHMAN, Special Assistant Attorney General, for Respondent.

PERLIN, C. J.

On motion for a summary judgment, the State of Illinois, respondent, has moved that the claim of Vera and Lenar Seaton, claimants in this action, be dismissed because the notice of claim for personal injuries is fatally defective.

The record reveals the following:

Claimant, Vera Seaton, alleges that she was injured when a car, which was driven by Lenar Seaton, ran into a hole in the pavement of Illinois State Highway Route No. 45 on August 3, 1959.

Section 22-1 of the Court of Claims Law requires that any person who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of injury to his person shall file notice within six months from the date the injury was received, giving, among other requirements, "the place or location where the accident occurred."

The notice of claim filed by claimant contains the following statement:

"5. Location or place where the accident occurred:
On Illinois State Highway Route No. 45, approximately between two or three blocks north of Route No. 83, at the hole or defect of the road on the northbound portion thereof, at or near Palos' Park, Illinois."

The complaint, which was filed on August 8, 1960, also contains the description of the hole as being "on Route No. 45, approximately two or three blocks north of Route No. 83, at or near Palos Park, Illinois."

In support of its motion for a summary judgment, respondent states that a stipulation of fact was entered into covering the hearing in this matter, which was held on April 8, 1964, wherein four witnesses on behalf of claimants testified that the location of the alleged defective roadway condition was on Route No. 45, between a minimum of two and a maximum of three *miles*, all north of Route No. 83.

Respondent, therefore, contends that the notice of claim for personal injuries is fatally defective in that the location or place where the accident occurred, as set out in the notice, is at substantial variance with the evidence adduced relating to the location or place where the accident occurred, and thus the notice is legally insufficient.

That the notice in the instant case is insufficient is amply demonstrated by the following cases:

In *Reichert* vs. *City of Chicago*, 169 Ill. App. 493, the notice to the city stated that the accident happened "at and near the intersection of La Salle Street with Madison Street . . ." In rejecting the notice, the court stated at p. 496:

"The purpose of the notice is not only to enable the city to intelligently investigate the alleged claim, but that it may prepare its defense thereto. It is impossible to say that this notice furnished such particulars. If the accident was due to a defective lamp "at or near" the intersection of two streets, must the city be prepared, at its peril, to meet proof of an accident occurring by reason of some defective street lamp on or near any of the four corners of the street intersection in question? We do not think so.

"Can a description, which applies equally to one of four several places, accurately be said to specify the place or location of the accident?"

In its opinion, the court further cited the case of *Benson* vs. *City of Madison*, 101 Wis. 312, 77 N.W. 161, in which the Supreme Court stated:

"But to be legally sufficient, a notice must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself. . . ."

It further cited an excerpt from the case of *Barribeau* vs.

*City of Detroit*, 147 Mich. 119, in which the Supreme Court used the following language:

"When parol evidence is required to determine both the place and the nature of the defect, a reasonable notice has been given to the city."

In *Swenson* vs. *City of Aurora*, 196 Ill. App. 83, plaintiff's suit was dismissed in an action to recover damages for injuries allegedly received from stepping into a hole in a defective sidewalk. The notice in that case set forth the place of the hole as being on the "west side of said La Salle Street, between North Avenue, and Washington Street, and opposite Jennings Seminary, in the city aforesaid." The court stated: "In the area of sidewalk covered by the description, there may have been a large number of holes." The court further ruled that there was no reason why the plaintiff could not have stated in the notice, as was done in later testimony, that the hole was located in the sidewalk, about fifty-five feet north of the corner of North Avenue, which fixes the location with sufficient definiteness.

In *Keller* vs. *Tomaska, Et Al*, 299 Ill. App. 34, 19 N.E. 2d 442, a motorist counterclaimed against the city for an accident, which was allegedly caused by a defective street. A notice, which gave the place of the accident at a point almost a quarter of a mile from where the accident actually occurred, was fatally defective in its specification of place of accident. The notice was held insufficient, although in the same case plaintiff had, in fact, filed the proper notice of place. The court held that the right to maintain a party's action depends on the sufficiency of his notice, and that it was immaterial what notice the defendant may have had from other sources. (*Ouimette* vs. *City of Chicago*, 148 Ill. App. 505, 508.)

There are cases, which indicate that a notice would not be deemed fatally defective if, as a matter of fact, the city or state authorities could, without further information

from claimant, determine the exact place of the alleged incident. (*Bryant* vs. *City of Chicago*, 319 Ill. App. 524, 49 N.E. 2d 654; *Reed* vs. *City of Chicago*, 309 Ill. App. 129, 32 N.E. 2d 680.) However, the difference in the instant case between two and three *blocks* and two or three *miles* is so substantial as to incapacitate respondent in its ability to make any investigation, or to prepare any defense whatsoever.

Claimant contends, however, that a deposition, which was taken on October 31, 1961 by respondent, cured any defects in the notice. This allegation is without merit. The giving of notice within the six month period in accordance with statutory requirements is a condition precedent to the maintenance of a suit for personal injury against the State, and failure to meet the notice requirements must result in dismissal of any claim. That a deposition, which was taken more than two years after the accident, does not repair a defective notice is enunciated by the court in the Swenson case at p. 92, as follows:

"The object of the statute is to furnish timely notice to the city, village, or town of the fact that the party claims to have sustained an injury, and that he proposes to enforce his claim for damages against said city, village, or town by suit, and thereby enable the city, village, or town to investigate the claim while the facts are fresh, and the justice of the claim can be readily ascertained." *Donaldson* vs. *Village of Dieterich*, 247 Ill. 526.

For the aforesaid reasons, the motion of respondent for a summary judgment is hereby allowed, and the claims of Vera Seaton and Lenar Seaton are dismissed.