(No. 81-CC-0189—

DANIEL KATREIN and WILLIAM MCKNIGHT, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1982.*

*Rehearing denied June 14, 1982.*

JOHN F. VICKERS, for Claimants.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This cause coming to be heard upon the motion of the Respondent to dismiss, due notice being given and

the Claimants having filed their reply thereto and the Court being fully advised;

Finds that the Claimants' notice of intent filed herein indicates their injuries were caused when their motorcycle hit a hole in the road on "Canal Road, in between Ottawa and Marseilles, in the County of La Salle, State of Illinois." There is nothing in the notices to indicate with any particularity where the accident occurred or where the hole in the road is located. The Claimants' complaint is no more specific.

Taking judicial notice that the distance between Marseilles and Ottawa is approximately eight miles, there is no indication given to Respondent where the accident occurred.

Section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—1) requires a description of the location of the accident. Failure to provide notice of intent as called for in section 22—1 is basis for dismissal of the action. Ill. Rev. Stat. 1979, ch. 37, par. 439.22—2.

It is well settled that the purpose of the notice statute is to allow prompt investigation of claims and an opportunity to defend them. (*Telford v. State* (1963), 24 Ill. Ct. Cl. 416, 418.) Failure to give an accurate description of the location makes the notice defective and is the basis for dismissal of the claim, *Seaton v. State* (1966), 25 Ill. Ct. Cl. 291, 295.

In the instant case the description of the location of the accident is vague and lacks any specificity. There is no indication of where on Canal Road the accident took place. Describing it as "in between" two cities does not meet the requirements of section 22—1 of the Court of Claims Act. While the trend in notice statute pleading

may be becoming more liberal, as Claimants allege, the notice in the instant case does not constitute substantial compliance with section 22—1 of the Court of Claims Act. The Claimants' failure to tender proper notice in compliance with section 22—1 requires dismissal of their action.

It is hereby ordered:

That the motion of the respondent to dismiss, be and the same is hereby granted and the complaint of the Claimants is dismissed with prejudice.