(No. 77-CC-1251—)

JANE and JOHN DOE, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 4, 1986.*

PELINI, CREWELL & SHEFFLER, for Claimants.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

MONTANA, C.J.

This is a claim for psychological, behavioral and physical damage suffered by the child of licensed foster parents who was sexually molested by a ward of the Respondent's Department of Children and Family Services (hereinafter referred to as DCFS) that was temporarily placed in the household of the foster parents. A hearing was not held in this matter, however a stipulation of facts was filed along with an additional stipulation of facts and, pursuant to an order entered in

November of 1982, certain other documents were allowed into evidence. A brief was filed by the Claimants, but the Respondent failed to file any brief although ordered to do so by the commissioner. The commissioner has duly filed his report and the matter is now before the Court for a decision.

Mr. and Mrs. John Doe were licensed foster parents with DCFS. They had several sons, one of whom was Tom, a seven-year-old who resided with them and of whom DCFS was aware. On July 17, 1975, a caseworker for DCFS inquired of the Does whether they would agree to be temporary foster parents for Richard D. Campbell, Jr., an 18-year-old ward of DCFS. This caseworker was familiar with the Doe's family situation. During the conversation Jane Doe asked the caseworker whether there was anything about Campbell which she should know and the caseworker said no. Relying upon the caseworker's representations, the Does agreed to be temporary foster parents for Campbell. On July 18, 1975, a different caseworker for DCFS dropped Campbell off at the Doe household. Upon his placement in the Doe household, Campbell was told by the Does that he would sleep in the same room with their son, Tom.

On more than one occasion during the evenings of July 19-20 and 20-21, 1975, Campbell sexually molested Tom Doe in the bedroom of the Doe home occupied by Campbell and Tom Doe. Jane Doe contacted the DCFS office in Champaign, Illinois on July 21, 1975, and requested the removal from her household of Campbell because of the sexual assaults made upon her son by Campbell. Instead of taking immediate action upon receiving such serious allegations representatives of DCFS advised her that Campbell could not be removed

from her household on that day and he would have to spend yet another evening in her household. On the evening of July 21-22, 1975, Richard D. Campbell, Jr. still resided in the Doe household. On July 22, 1975, representatives of DCFS removed Campbell from the Doe household.

On July 29, 1975, Campbell was charged by indictment with the offense of indecent liberties with a child in that he had performed a lewd fondling or touching of Tom Doe, a minor under the age of 16 years, with the intent to arouse or satisfy his sexual desires, which indictment was filed in the Circuit Court of Champaign County, Illinois, in the cause entitled "The People of the State of Illinois v. Richard D. Campbell, Jr., 75-X-1123, Champaign County, Illinois." Campbell entered a plea of guilty to the charge on October 29, 1975.

After careful and lengthy review of the record, we find that we agree with the Claimants' assertion that the Respondent, through its agent, DCFS, was negligent in failing to inform the Does prior to the placement of Richard D. Campbell, Jr., in the Doe household that Campbell had a prior history of aggressiveness, behavioral disorders, and homosexuality and that the negligence of DCFS was the proximate cause of the damage suffered by Tom Doe. The record indicates that the caseworker for DCFS responsible for placing Campbell with the Does was aware that Campbell had a propensity for aggressiveness, behavioral problems and homosexuality and that Campbell would be sharing a room with one of the Doe sons, yet he failed to inform the Does that Campbell had any problems of which they should be aware. He knew or should have known that he had a responsibility to provide the Does this informa-

tion, but negligently failed to do so and under the doctrine of *respondeat superior* the State of Illinois can be held ultimately responsible for malfeasance, misfeasance or negligence on the part of its agents and employees. See, e.g., *Malloy v. State* (1949), 18 Ill. Ct. Cl. 137.

According to the record, including the evidence deposition of the Claimants' expert witness, a counseling psychologist who had evaluated him, Tom was a typical well-adjusted seven-year-old until Campbell was placed in the Doe home as a foster child. Since that time Tom had many psychological problems which are not necessary to describe for purposes of this opinion. The problems were serious and did affect his relationship with others, and in particular with his family. He seems to have made much progress in overcoming these problems during early adolescence. Although the extent of the problems remaining was not capable of being exactly identified, it was clear seven years after the incidents that he still had a habit disorder which would affect his relationships with others and likely suffered from other problems associated with the trauma. The record seems to indicate that counseling has been discontinued. As for a prognosis, it could not be said that he would recover completely from the experience nor was there any certainty that other problems would not manifest themselves later on in life.

Although out of pocket expenses were stipulated to be only $1,477.80, the severe impact on the victim is undeniable. Affixing a monetary award in such a case is most difficult. Our research has revealed little. After much deliberation it is our decision to award $85,000.00 in compensation in this claim.

It is hereby ordered that the Claimants herein are awarded $85,000.00 of which $1,477.80 is for John Doe and Jane Doe individually and the balance is for them as parents and guardians for the use and benefit of Tom Doe. It is further ordered that the record in this matter be sealed and the names John, Jane and Tom Doe be substituted for the parents and their son, respectively, in the reported decision in this matter.