(No. 83-CC-1884– )
JAMES DUNN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 13, 1984.*

*Order filed January 24, 1985.*

*Opinion filed October 24, 1991.*

JERALD A. LAVIN, LTD., for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JOHN J. PERCONTI and ERIN M. O'CONNELL, Assistant Attorneys General, of counsel), for Respondent.

ORDER

HOLDERMAN, J.

This matter coming on to be heard upon the motion of the Respondent to dismiss the claim herein, due notice having been given, and the Court being fully advised in the premises, finds:

1. That the notice of injury filed June 4, 1982, failed to set forth with any definiteness the location of the alleged defective pavement which caused Claimant's injuries.

2. That section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.22—1) requires that Claimant notify the State of Illinois of any cause of action against it within six months from the date of the occurrence and that said notice state the location of the accident.

3. That section 22—2 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.22—2) states that failure to meet the requirements of the notice statute will forever bar a cause of action against the State.

4. That section 22 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.22) states that all time limitations promulgated in the Court of Claims Act are binding and jurisdictional.

5. That as a matter of law, Claimant's failure to adequately describe the location of the alleged defect on Interstate 80 constitutes defective notice, in violation of

the Court of Claims Act, sections 22—1 and 22—2, and bars Claimant from maintaining an action against the State of Illinois. *Reichert v. City of Chicago* (1912), 169 Ill. App. 493; *Seaton v. State* (1966), 25 Ill. Ct. Cl. 291.

## ORDER

HOLDERMAN, J.

This matter comes before the Court upon motion of Claimant to vacate an order of dismissal entered by this Court on November 13, 1984, and Respondent's objection to said motion.

The accident in this cause occurred on April 17, 1982. In the notice of injury filed with the Court on June 4, 1982, Claimant described the accident location as follows:

"Interstate 80, near mile marker 26, Atkinson, Illinois."

Respondent has taken the position that the description given by Claimant does not comply with that portion of the notice statute (Ill. Rev. Stat. 1981, ch. 37, par. 439.22—1) which requires a description of far greater specificity and precision than that which Claimant provided. Respondent calls attention to the fact that the alleged notice does not indicate in which direction Claimant was travelling at the time the accident occurred, whether the defect was on the eastbound or westbound side of Interstate 80, or whether the defect was on the inner or outer lane of travel. Respondent further calls attention to the fact that Claimant's notice also does not approximate the distance east or west of mile marker 26.

Respondent further sets forth that it has been prejudiced in that it was unable to ascertain the location of the defect with any certainty. Respondent cites

section 22—2 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.22—2) which states, in part, as follows:

"If the notice provided for by Section 22—1 is not filed as provided in that Section, any such action commenced against the State of Illinois ° ° ° shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury ° ° °."

In *Telford v. Board of Trustees of Southern Illinois University*, 24 Ill. Ct. Cl. 416, 418, the following language is used by the Court:

"The patent purpose of notice requirements is to afford respondents an opportunity to promptly and intelligently investigate a claim and prepare a defense thereto ° ° °."

The required notice must contain, among other things, a description of the location of the accident site so the scene of the occurrence can be investigated by Respondent.

Strict compliance with all the elements contained in the notice requirement does not merely serve as a convenience to Respondent but, more significantly, operates as a condition precedent to the filing of a complaint against the State for personal injury. This was so held in the case of *Munch v. State*, 25 Ill. Ct. Cl. 313, which also held, in regard to notice requirements ". . . where claimant does not show complete compliance, this Court has no jurisdiction to hear the claim."

There are a number of other cases to the same effect that have been decided by the Illinois Court of Claims.

In view of the statute and the interpretation of the statute by this Court, it is hereby ordered that motion of Claimant to vacate the Court's order of dismissal be, and the same is, denied, and the Court's original order of dismissal is affirmed.

## OPINION

Burke, J.

The final hearing on the above-entitled claim was held on June 19, 1991. Jerald A. Lavin appeared on behalf of Claimant, James Dunn. Neil Hartigan, Attorney General, State of Illinois, by Erin O'Connell, Assistant Attorney General, appeared on behalf of the Respondent, State of Illinois.

Claimant, James Dunn, was an employee of the McKeown Transportation Company. On April 17, 1982, while driving a tractor/tank trailer, loaded with liquid, Claimant struck a defect or depression in the roadway on Interstate 80, at about mile marker 26, near Atkinson, Illinois. He stated that he just returned to driving this particular route after a one-year layoff and it was his first day back on the route. At the time of the alleged accident, Claimant was proceeding in the westbound lane, furthest to the right at about 50-53 miles per hour in his vehicle's eighth gear.

At or about mile marker 26 on Highway 80 Claimant hit a defect causing him to sustain an injury to his neck and left side. He proceeded to Davenport, Iowa, which was his destination and where he received medical care. When he returned to his home base in Whiting, Indiana, he received medical treatment from Dr. Gussin and Dr. Slates. He also received treatment at the St. Catherine Hospital and at the Munster Hospital. His treatment consisted of traction, myelogram, TNS unit, a neck collar and physical therapy. He was off work for about one year. His employer's workers' compensation insurance company paid his medical bills and temporary total disability for the time he was off work. The insurance carrier also paid him $15,000 which was for his alleged permanency from his injury.

Claimant did not state the nature of the alleged defect. Two co-workers of Claimant, Donald Corey and Steve Stevenson, who regularly traveled the same route testified as to the alleged defect. Witness Corey testified that he once encountered what he considered to be the alleged defect and that he suffered no injuries from it.

Mr. Richard Bussan stated that he was the IDOT maintenance field engineer and was responsible for that portion of I-80 near mile marker 26. Mr. Bussan stated that, as part of his job, he drove this section of I-80 at least once a week and that he noticed no defect in the roadway. When shown photographs depicting the areas of the accident, Mr. Bussan testified that he saw no defect or anything that would cause him to send a repair crew to that site.

Charles Klien, who was the IDOT claims investigator assigned to investigate this matter, stated that he drove from mile post 20 to mile post 30 both eastbound and westbound in the passing and driving lanes at approximately 55 miles an hour to determine if he could detect any type of bump or dip or anything of this nature. Mr. Klien was unable to uncover anything that would cause any kind of problem to normal driving. He did not discover any situation in the roadway that he would label as defective or hazardous. When shown photographs depicting the area of the accident, Mr. Bussan testified that he saw no defect or anything in the road that would cause him to send a repair crew to that site.

Claimant's claim is denied for failure to prove by a preponderance of the evidence that the Respondent was guilty of negligence.

Wherefore, it is hereby ordered that the instant claim is denied.