(No. 89-CC-3839– 
)

The Estate of DANIEL LEE KRAUSE by DOLORES TEAMANN, Personal Representative and Individually, Claimant, *v.* ILLINOIS DEPARTMENT OF TRANSPORTATION AND PROVISO TOWNSHIP, Respondents.

*Order filed August 25, 1994.*

*Opinion filed July 10, 1995.*

*Order filed August 26, 1999.*

*Joint stipulation to dismiss and Order filed October 21, 1999.*

CHRISTOPHER HURLEY & ASSOCIATES (MARK MCKENNA, of counsel), for Claimant.

JIM E. RYAN, Attorney General (TOMAS A. RAMIREZ, Assistant Attorney General, of counsel), for Respondent.

## ORDER

SOMMER, J.

This is a claim for wrongful death due to alleged negligence of the State. It is presently before the Court

on the Respondent's motion to dismiss. Oral argument was heard by the Court on June 20, 1994.

The issue before the Court is whether the Claimant gave sufficient notice under section 22—1 of the Court of Claims Act. 705 ILCS 505/22—1.

The date of the injury was June 27, 1987; the personal representative was qualified on December 2, 1987; the notice was filed on March 1, 1988; and the complaint was filed on June 27, 1989. The notice stated that the Claimant's decedent was killed "on Route I-290 in the municipality of Proviso Township, County of Cook." The Claimant's complaint later amended the description of the accident scene to make it more specific, but that amendment was after the one year period allowed for notice under section 22—1 of the Court of Claims Act.

The Respondent argues that the notice was insufficient because it was unclear as to the exact location of the accident. The notice described a six mile stretch of interstate highway.

The standard for a description of the place of the accident in the notice is stated in *Seaton v. State* (1966), 25 Ill. Ct. Cl. 291, 293:

"But to be legally sufficient, a notice must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the notice itself * * *." *Reichert v. City of Chicago*, 169 Ill. App. 493, quoting from *Benson v. City of Madison*, 101 Wisc. 312.

Alternatively, it is stated in *Seaton*:

"* * * A notice would not be deemed fatally defective if, as a matter of fact, the city or state authorities could, without further information from the Claimant determine the exact place of the alleged incident." p. 294.

In *Katrein v. State* (1982), 35 Ill. Ct. Cl. 340, 341, a notice stating the accident occurred on "Canal Road in between Ottawa and Marsailles," a distance of eight miles, was ruled defective. We find that the notice given in the

present claim, as in *Katrein* is defective as it violates the rule established in *Seaton*. From the description given, the authorities could not tell the accident's location from the notice itself.

Further we find that a more specific description in the complaint filed more than one year after the date of the qualification of the personal representative fails as it does not give proper notice within one year of the date of qualification of the personal representative as required by section 22—1 of the Court of Claims Act.

It is therefore, ordered that the Respondent's motion to dismiss is granted and that this claim is dismissed.

## OPINION

SOMMER, J.

On August 25, 1994, this Court entered an order granting the Respondent's motion to dismiss this claim. The Claimant filed a petition for rehearing in a timely manner. The full Court heard oral argument on the petition for rehearing on March 29, 1995.

The claim before us is for damages for personal injury. The issue presented in the motion to dismiss and the petition for rehearing is the adequacy of the notice filed as required by the Court of Claims Act in personal injury claims. 705 ILCS 505/22—1.

In the notice filed by the Claimant the "place or location" of the accident complained of was described as "on Route I-290 in the municipality of Proviso Township, County of Cook." This location turned out to be a six mile stretch of highway. The notice did include a statement that "A state police report was duly filed in this matter along with a coroner's inquest held on August 6, 1987, in

the County of DuPage, by James P. Paulissen, M.D." Additionally, the notice failed to contain information concerning the attending physician and the treating hospital. 705 ILCS 505/22—1.

In its order of August 25, 1994, this Court quoted from *Seaton v. State* (1966), 25 Ill. Ct. Cl. 291, at 293, as follows:

"But to be legally sufficient, a notice must contain a sufficiently definite description of the place of the accident to enable the interested parties to identify it from the Notice itself * * *.

* * *

* * * a notice would not be deemed factually defective if, as a matter of fact, the city or state authorities could, without further information from the claimant, determine the exact place of the alleged incident."

The purpose of the notice is to allow the authorities to make an adequate investigation of the claim while the information is still fresh. *Hershey v. State* (1990), 43 Ill. Ct. Cl. 108.

The notice in this claim is different from that of a notice containing no information at all from which the authorities might easily learn of the location of the accident or the names of the attending physician and treating hospital.

As the Claimant provided information concerning the State police report and the inquest, the site of the accident and the name of the attending physician and treating hospital could be determined without "further information from the Claimant."

Therefore, upon reconsideration we find that the notice filed in this claim was sufficient.

The Claimant has also filed a motion for leave to file a first amended complaint in order to conform its complaint to the requirements of section 790.50 of the Rules of the Court of Claims. We find nothing prejudicial to the

Respondent in granting the motion. It is therefore, ordered that the Claimant's motion for leave to file a first amended complaint is granted and this Court's order of August 25, 1994 is stricken, and the Respondent's motion to dismiss is denied, and this claim shall be returned to the Commissioner for hearing.

## ORDER

Sommer, J.

This cause comes on to be heard on the parties' joint stipulation to dismiss, due notice having been given, and the Court being advised, finds:

In pertinent part the parties' stipulation provides:

2. Claimants' complaint alleges that on June 27, 1987, Claimant's decedent sustained fatal injuries while riding his motorcycle on westbound I-290. Claimants' complaint alleged that as the decedent came into contact with the curb separating I-290 from the off-ramp, he lost control and was flipped off his motorcycle.

3. The parties hereto have agreed to a settlement of this claim in order to avoid further litigation. Respondent agrees to the entry of an award in favor of Claimant in the amount of sixty-one thousand, two hundred forty-three dollars and 76/100 ($61,243.76), in full and final satisfaction of the claim herein. The executed general release will shortly be filed with the Court of Claims.

4. It is understood and agreed between the parties that the settlement herein does not constitute an admission of any liability, nor have any expressions or representations been made by either party (or the attorneys therefor) as to any legal liability or other responsibility of any party hereto.

5. Each party agrees to assume its own costs and fees.

6. The Court of Claims will retain jurisdiction of this case, including enforcement of the settlement and release.

It is hereby ordered that the parties' motion be, and hereby is granted, Respondent is directed to pay the agreed upon sum, and this claim is dismissed.

## JOINT STIPULATION TO DISMISS

SOMMER, J.

Now come the Claimants, the estate of Daniel Lee Krause by Dolores Teamann, personal representative, and Dolores Teamann, individually, by their attorney, Mark McKenna and Christopher Hurley & Associates and Respondent State of Illinois, by its attorney, James E. Ryan, Attorney General of Illinois, and hereby move this Court to dismiss the claim herein with prejudice, the matter in controversy having been resolved, with the settlement to be paid through Illinois Department of Transportation funds.

## ORDER

SOMMER, J.

This cause coming on to be heard on the joint motion of the parties hereto to dismiss the claim herein, and the Court being fully advised in the premises:

It is hereby ordered that the joint motion of the parties to dismiss the instant claim be hereby granted, and this claim is dismissed.