(No. 87-CC-0495- )

JANE DOE, a minor by her Mother and Next Friend, JOAN DOE, and JOAN DOE, Individually, Claimants, *v.*
THE STATE OF ILLINOIS, Respondent.

*Order filed December 19, 1988.*
*Order filed May 20, 1996.*

MARY G. GORSKI, for Claimants.

NEIL F. HARTIGAN and JIM RYAN, Attorneys General (GUY STUDACH, Assistant Attorney General, of counsel), for Respondent.

ORDER

MONTANA, C.J.

This cause comes on to be heard on the Respondent's motion to dismiss and the Claimant's response thereto,

due notice having been given, and the Court being advised:

On May 19, 1986, a notice of intent to commence a personal injury action was filed on behalf of Jane Doe, a minor. The notice stated that the incident giving rise to the action occurred May 18, 1985. Also on May 19, 1986, a similar notice was filed for a cause of action on behalf of Jane Doe's mother, individually. The mother's actual name was stated on the notice. A third notice, also on behalf of the mother, was filed the same day but stated that the incident occurred a day earlier, May 17, 1985. On May 21, 1986, another notice was filed on behalf of Jane Doe wherein the incident giving rise to the potential claim was alleged to have occurred on the May 17, 1985 date. Also on May 21, 1986 another notice of intent on behalf of the mother was filed, giving May 18, 1985 as the date of the incident. Then, on June 5, 1986, four amended notices of intent were filed, two for each party, alleging July 17 and July 18, 1985 as the dates of the occurrences. On September 25, 1986, a four-count complaint was filed with two counts for Jane Doe and two counts for her mother, alleging July 17 and 18, 1985, as the dates of the incidents giving rise to the claims. In none of the notices or the complaint was Jane Doe's real name provided. In all of the notices, Jane Doe's mother's real name was provided and she was identified as the mother. In the complaint, the mother was named Jane Doe and identified as the mother, but her real name was not stated.

On December 8, 1986, the Respondent moved for dismissal of the complaint on several grounds, all of which pertain to inadequate information in the notices and the complaint. First, Respondent alleges that the notices are not in compliance with section 22—1 of the

Court of Claims Act, Ill. Rev. Stat., ch. 37, par. 439.22—1, in that they fail to state the name and residence of the person injured, the name of the person to whom the cause of action accrued, and the place or location where the incident giving rise to the claim occurred, and therefore, the claim should be dismissed pursuant to section 22 of the Act.

As for Jane Doe, this Court has held that the time for filing notices of intent for minors does not begin to run until majority is reached. *Woodward v. State* (opinion filed January 21, 1987), No. 83-CC-1438. The filing of a complaint within the time required for filing a notice has been held to obviate the need for filing a notice. (*Johnson v. State* (Opinion filed March 26, 1987), No. 87-CC-0105; *Crosier v. State* (Opinion filed February 17, 1988), No. 87-CC-2187.) One of the primary reasons for the holding in the latter two cases is that once a complaint is filed, all the information required to be stated in the notice, and more, is discoverable by the opposing party. The record does not indicate that the Respondent has undertaken any discovery to date. The minor Claimant was stated to be under the age of 13 years in 1987. For the reasons stated above, we are not going to strike her claim, and grant her leave to refile to cure the alleged defects complained of in the notice.

The mother's situation is more difficult. Her notice contained her actual name, but as pointed out by the Respondent, neither her residence nor location of where the incident giving rise to the claim occurred was stated. The amended notice provided a post office box number in a city and state, but that is not a residence as is required by the Act. Only the county and state were provided to indicate where the incident occurred. Claims have been dismissed for inaccurate or vague descriptions in notices of

where incidents have occurred. (*Katrein and McKnight v. State* (1982), 35 Ill. Ct. Cl. 340; *Seaton v. State* (1966), 25 Ill. Ct. Cl. 291.) The rationale for dismissal for such reasons is the inability of the Respondent to "promptly and intelligently investigate the claim and prepare a defense thereto, and to protect governmental bodies from unfounded and unjust claims." *Byrne v. State* (1980), 34 Ill. Ct. Cl. 248.

However, this Court has also held that *substantial* compliance with the notice provision as to content will suffice to meet the statutory requirement. (*Bodine v. State* (1983), 35 Ill. Ct. Cl. 777.) The failure to include certain details will not necessarily vitiate the notice. The sufficiency of the notice is an issue of fact. The absence of location of where the incident occurred is a serious deficiency. It would likely cause dismissal in a highway defect claim. The issue here is whether there was other information contained in the notice which would be sufficient to enable the Respondent to investigate the claim. We find that there was. The description of the incident was as follows:

"4. The injuries were incurred and continue as a result of criminal sexual assault on claimant's minor daughter, Jane Doe, by Robert E. Woods who, on or about (May 17 and 18, 1985) was an escapee from the Adolph Myer Mental Health Center and on (May 17 and 18, 1985) sexually assaulted Jane Doe, claimant's minor daughter."

Elsewhere in the notice, it was stated that the incidents occurred in Champaign County, Illinois. With the name of the mother, the dates on which the incidents occurred, the name of the escapee and perpetrator, the name of the state institution from which he escaped, the county in which the incident occurred and, in particular, the specific nature of the incident, we think that the Respondent had sufficient information to investigate the incident and prepare its defense.

The Respondent's next objection related to verification of the complaint. Section 11 of the Court of Claims Act and rules 4 and 5A of the Rules of the Court of Claims require that complaints shall be verified. Respondent points out that the complaint filed herein was signed "Joan Doe" which is not a true signature and argues that thus the complaint is not properly verified. In her response to the motion, Claimant points out that section 11 of the Act allows for verification by an attorney and that her attorney also signed each count of the complaint. However, upon review of the complaint we find no verification at all. A mere signature is not a verification. Claimants are granted leave to amend the complaint by interlineation by the filing of a verification within 21 days of the date of this order.

Respondent also urges dismissal on the grounds that the complaint does not properly identify persons who are owners of, or who are interested in, the claim as required by rule 5A.4. As pleaded, the complaint stated that Jane and Joan Doe are those persons. While the Court does not know at this time who Jane Doe is, we think that the parties have been sufficiently identified to meet the pleading requirements when the record is reviewed as a whole.

Respondent's final grounds for dismissal raised are the lack of a bill of particulars as for the damages, and inadequate description of damages in the body of the complaint. A bill of particulars is required by rules 5.A.9 and 5.B. In response, Claimant argues:

"1. ° ° ° This is not a contract case or a property damage case. The greater part of the injuries suffered by the Claimants herein are psychic injuries ° ° °.

2. It is reasonable and proper for both Claimants to allege damages arising out of both medical expenses and mental injuries. In any case sounding in tort a claimant is entitled to damages for past and future medical expenses, and past and future pain and suffering. It is reasonable to believe that both

Claimants may have future medical expenses arising out of the negligence of the Respondents, including, but not limited to, the cost of future psychiatric treatment."

We understand the Claimants' inability to state with great specificity every item of damages. We do however find that Respondent is at least entitled to that information required to be stated in personal injury cases by rule 5B.2. Claimant should also provide a statement containing a brief description outlining special damages incurred to date to the best of her ability. Claimant is granted leave to file such information in a bill of particulars within 45 days of the date of this order. Claimant is also directed to comply with any discovery requests which may be forthcoming relating to details of the special damages.

At this point we think a few comments on court policy are appropriate. We understand that the incident giving rise to this claim is of a highly sensitive and personal nature and that protecting the identity of the Claimants was the reason for using the fictitious names. We have, in the past, directed the clerk's office to substitute fictitious names throughout the record in similar cases after the cases have been decided. (*Jane and John Doe v. State* (1986), 39 Ill. Ct. Cl. 12.) The potential for problems with the approach taken by the Claimants in this case is obvious and our decision today is not to be construed as condoning it. Our holding today is limited to the facts of this specific case. We do think a sufficient amount of information was provided the Respondent to investigate. Although it was not relevant to this decision we do note that Claimant's counsel has represented to the Court that a proposal to Respondent's counsel was made that pseudonyms be used only in court documents which are a matter of public record and did offer, after the motion to dismiss was filed, to disclose to Respondent's counsel the actual names of the Claimants, together with any medical records and

other information, on the condition that confidentiality be preserved. This should have been done within the time for filing the notice. In the future it is suggested that leave of the Court be sought to proceed under anonymity. Leave is granted in this case to use pseudonyms in matters of public record, but we will entertain any subsequent motions from the Respondent should problems develop.

Accordingly, it is hereby ordered that the motion to dismiss is denied consistent with the above. It is further ordered that this claim is put on general continuance subject to rule 7 pending the outcome of the workers compensation claim.

## ORDER

JANN, J.

This cause comes on to be heard on the joint stipulation of the parties for dismissal with prejudice and joint stipulation for settlement. The Court being fully advised in the premises finds:

1. Counts III, IV, IX, X, XII and XIII of the complaint filed by Joan Doe, are hereby dismissed with prejudice.

2. Claimant Jane Doe has agreed to a settlement with Respondents in the amount of $50,000 in full and final satisfaction of the claims herein. Claimant has reached legal majority during the pendency of this claim. Both parties have waived hearing, further taking of evidence and briefs.

3. The parties have stipulated and signed releases for an award in the amount of $50,000 to Jane Doe.

4. Although the Court of Claims is not bound by the parties' joint stipulation (See *Moore v. State* (1987), 40 Ill.

Ct. Cl. 212), we find the record herein supports an award of $50,000 to Claimant Jane Doe and the joint stipulation for settlement filed February 28, 1996, is hereby adopted by the Court.

Therefore, it is ordered: Claimant Jane Doe is awarded $50,000.